### Peter McCarthy *vs.* Martin Niskern.

#### August 7, 1875.

**Exemplary Damages in Suit against an Inn-keeper.**—The rule allowing exemplary or punitive damages, in certain cases, affirmed, and *held* to obtain in a case where an inn-keeper, after a guest had engaged and paid for a night's lodging, refused to let him have it, and turned him out of the house, with abusive and insulting language.

**Same—Evidence as to Defendant's Property.**—In cases where such damages may be recovered, evidence of the pecuniary circumstances of defendant is proper.

**New Trial—Excessive Damages.**—A new trial granted for excessive damages.

Appeal by defendant from an order of the district court for

Ramsey county, *Wilkin*, J., presiding, refusing a new trial.

*M. Lamprey* and *W. Hodgson*, for appellant.

*Mead & Thompson*, for respondent.

GILFILLAN, C. J. This is an action against defendant as an inn-keeper. The plaintiff had engaged and paid for a bed for the night, and when he wished to go to bed, at a proper hour, the defendant, who was intoxicated, not only refused to let him have the bed, but turned him out of the house, with abusive and insulting language. At the trial the plaintiff was permitted, against objection, to introduce evidence of defendant's pecuniary circumstances. The jury rendered a verdict in favor of plaintiff for $900.00.

The rule allowing punitive or exemplary damages in certain cases of tort, although it has been occasionally resisted by text-writers and courts, has become, by a great array of decisions, so firmly rooted in the common law that it cannot be overturned except by an act of the legislature. It was directly affirmed by this court in *Lynd* v. *Picket*, 7 Minn. 184, and recognized in *Fox* v. *Stevens*, 13 Minn. 272, and *Seeman* v. *Feeney*, 19 Minn. 79. It follows, as a logical consequence of the rule, that, in cases where it is applicable, evidence of the pecuniary circumstances of the defendant may be given. Without it the jury could not determine what would be an adequate sum to assess as a punishment; for what to a man of wealth might be a trifle, to a poor man might be excessive and cruel punishment.

This is a proper case for that kind of damages. The defendant's breach of duty was aggravated by insult to plaintiff, so as to justify the jury in going beyond actual compensation to plaintiff for the injury done him, and in assessing, in addition, such sum, in the nature of a fine upon defendant, as might be an adequate punishment.

The verdict, however, is enormously in excess of what may justly be regarded as compensation to plaintiff for being deprived of a lodging in defendant's inn, situated in a village where it was not difficult to obtain lodging elsewhere,

and where plaintiff did obtain lodging almost immediately upon leaving defendant's house, and for the injury to his feelings from the insulting language used, or as a punishment to defendant, or both. We are satisfied that the verdict was not assessed with a view to these considerations alone. And although it is a delicate thing to set aside a verdict for excessive damages, in a case where they are not susceptible of accurate measurement, the court must sometimes do it in order to prevent injustice. This is a case which calls for the exercise of that power.

The order denying a new trial is reversed, and a new trial ordered.