GRACE F. GARDNER *vs.* JOSEPH MINEA and another.

November 2, 1891.

47   295
80   342

**Punitive Damages—Evidence.**—Evidence *held* to justify the verdict, and to justify punitive damages.

**Same—Oppressive Taking of Personal Property.**—An instruction that the jury may allow punitive damages if they find that the defendants' act was "malicious or fraudulent or oppressive, and was of such a character as to show that they acted with a reckless disregard of the rights of plaintiff," the action being trespass for taking personal property, was right.

**Evidence—Declarations.**—Declarations *held* not part of the *res gestæ*.

**Impeachment of Verdict—Affidavits of Jurors.**—Rule in *Knowlton* v. *McMahon*, 13 Minn. 358, (386,) that affidavits of jurors will not ordinarily be received to impeach their verdict, followed.

Action for maliciously taking from plaintiff's possession household furniture and provisions belonging to her, and of which the defendants claimed to be mortgagees under a chattel mortgage made by her husband, from whom she was separated, for a past-due debt of his own of $50 to the defendants. At the trial in the district court for Ramsey county, before *Kelly*, J., the plaintiff had a verdict of $1,600. A motion for a new trial was denied on plaintiff's consenting that the verdict be reduced to $1,000. In support of the motion, one ground of which was alleged misconduct of the jury, and another ground irregularity in the proceedings, the affidavits of two jurors were produced, who stated that while the jury were deliberating the bailiff in charge told them the amount of former verdicts in the case, and that whatever verdict they gave would stand. The defendants appeal from the order refusing a new trial.

*S. L. Pierce* and *A. G. Wedge*, for appellants.

*John D. O'Brien*, for respondent.

GILFILLAN, C. J. If the jury believed the testimony of the plaintiff, it justified the conclusions, not only that the defendants caused her property to be taken, but also that they did it with full notice that she, and not W. S. Gardner, from whom they had taken a mortgage upon it, owned it,—did it without any show or pretence of right. It justified the conclusion that their taking was malicious, and in wanton disregard of her rights. It is true, each of the defendants directly contradicted her testimony so far as it tended to show that they caused the taking; but this merely made a question on the credibility of the witnesses,—a question peculiarly for the jury. They have manifestly accepted her testimony, and we see no reason for the court to interfere. The testimony of those present at the taking, standing by itself, made a case of apparent taking by and on behalf of others than defendants; but it did not impair the force of plaintiff's testimony as to the conversations between her and the defendants, nor did it render improper the conclusion which the jury must have drawn from those conversations as related by her,—that the defendants caused the taking. The case was a proper one for the jury.

The court instructed the jury that they might allow punitive dam-

ages if they found from the evidence that the act of the defendants (in case they found that the taking was their act) "was malicious or fraudulent or oppressive, and was of such a character as to show that they acted with a reckless disregard of the rights of the plaintiff." This was, in substance, the definition of a case justifying punitive damages as stated by this court in *Lynd* v. *Picket*, 7 Minn. 128, (184.) From the evidence the jury might find this to be such a case. They might find that the defendants caused the property to be taken, knowing they had no right to do so. In the case cited, which was the case of a levy on personal property, knowing it to be exempt, the court says: "When he seizes it with such knowledge, it is impossible to ascribe any other than a malicious motive to the act; and the jury, we think, would be justified, from that fact alone, to find that it was done for the purpose of harassing and oppressing the plaintiff."

What was said by the defendant to the witness Hawthorne the day after the taking was in no sense a part of the *res gestæ*. The transaction was then fully completed, and the rights of the parties to the cause of action were fixed.

The attempt to impeach the verdict by the affidavits of jurors comes within the rule in *Knowlton* v. *McMahon*, 13 Minn. 358, (386.) No other assignment of error need be specifically mentioned.

Order affirmed.

NOTE. A motion for a reargument of this case was denied November 10, 1891.