Hubbard Specialty Manufacturing Company *vs.* Minneapolis Wood Designing Company and others.

November 25, 1891.

Damages for Breach of Contract — Certainty of Proof of Amount.— Where a party claims substantial damages for the breach of a contract, it is incumbent on him to establish the amount of his loss by evidence from which the court or jury will be able to estimate its extent with some reasonable degree of certainty.

Evidence *held* to justify the findings.

Appeal by defendants from an order of the municipal court of Minneapolis, refusing a new trial after a trial by the court and judgment of $333.91 ordered for plaintiff.

*Jackson & Atwater*, for appellants.

*Wilson & Van Derlip*, for respondent.

MITCHELL, J. In this case the issues were wholly of fact, upon which there was a sharp conflict of evidence, and we are satisfied that the findings, at least so far as they were adverse to the defendants, were fully justified by the evidence. The action was upon a promissory note. The answer alleged as a defence failure of consideration, and also a counterclaim for damages for the breach of an executory contract, made at the time of the execution of the note, and part of the same transaction. It appears that the plaintiff had contracted to manufacture for defendant company a certain quantity of toy blocks for an agreed price. There was evidence reasonably tending to prove that this contract was fully performed by plaintiff. The agreed price has been paid, but the plaintiff had a claim against the defendant company for extra labor, materials, rent, etc. This claim the defendant company disputed, not particularly because it was unfounded or inaccurate, but because it claimed to have an offset to it on account of an alleged failure of the plaintiff to manufacture the toy blocks at the time agreed. Finally, a settlement was arrived at, by which plaintiff made some deductions from its claim, and the defendants executed the note in suit for the balance. At the same time, and as part of the same transaction, the plaintiff agreed, as the court finds, "to canvass and take orders for the sale of those blocks already manufactured and delivered to the defendant, and to ship the necessary blocks to fill such orders out of defendant's stock." This statement of facts is all that need be said in regard to the defence of a failure of consideration.

The only remaining question is that arising upon the alleged counterclaim. The court finds the "plaintiff's agents took orders for some two thousand sets of blocks, at an average price of fifty cents per set, but that they wholly failed to ship or deliver the blocks on any such orders, or to turn over the orders to defendant." But the court further states, in substance, that there was no evidence as to

what profits defendants thereby lost, from which he could estimate their damages. A perusal of the evidence satisfies us that the court was right in this. Counsel for defendants, in their argument, assume that at the time this contract was made the blocks were unfinished; that plaintiff agreed to finish them; that it failed to do so; that in the unfinished condition the blocks were valueless, and that, if plaintiff had finished and sold them, the whole gross proceeds would have belonged to the defendant company. Of course, if this was all so, it would be easy to compute the amount of damages; but these assumptions are wholly unwarranted. The court did not find any such facts, and the evidence was not such as to require such findings. While it is not necessary to prove the exact amount of loss to a certainty, yet, where a party claims substantial damages, it is incumbent on him, as a part of his case, to establish the quantum of his loss by evidence from which the court or jury will be able to estimate its extent. When, as in this case, the loss is pecuniary, and the amount susceptible of proof with approximate accuracy, it cannot be left to a mere guess. The evidence here furnished no basis from which the court could determine whether it was one dollar or one thousand.

Order affirmed.