AMAN CRONFELDT *vs.* CHARLES F. ARROL *et al.*

Argued May 31, 1892.   Decided July 1, 1892.

**Two Sewing Machines Exempt as Tools and Instruments of One Carrying on his Trade.**

One carrying on the trade of tailor may be entitled to the exemption (from attachment or execution) of two sewing machines, if kept and personally used for the purposes of his trade, and if reasonably necessary therefor.

**Evidence not Prejudicial.**

Certain evidence, not material to the issue, *held* not prejudicial.

**Exemplary Damages for Taking Property Known to be Exempt.**

In an action against two defendants for a seizure of exempt property under attachment, *held*, that exemplary damages may be recovered, the seizure being with knowledge of the exemption and in culpable disregard of the plaintiff's rights.

**Proof of Pecuniary Circumstances One of Several Wrongdoers.**

Proof being offered of the pecuniary circumstances of *one* of such defendants in such an action, a general objection to the evidence *held* not sufficient to sustain the point on appeal that such evidence was not admissible as against the other defendant.

**Damages not Excessive.**

The amount of the exemplary damages awarded ($138) *held* not excessive.

Appeal by defendants, Charles F. Arrol and James H. Farrell, from an order of the District Court of Ramsey County, *Kelly*, J., made September 11, 1891, denying their motion for a new trial.

The plaintiff, Aman Cornfeldt, was a tailor carrying on his trade at St. Paul, and owned and used in his business two sewing machines. Farrell was on April 2, 1891, a constable. Arrol on that day sued plaintiff in a Justice's Court for $35 rent due for that month in advance, and obtained a writ of attachment and delivered it to Farrell for service. He attached and took away the two sewing machines. On the return day Cornfeldt did not appear and Arrol had judgment and issued execution and the constable sold the property on the writ.

Plaintiff in this action alleged that Arrol wrongfully applied for the writ of attachment; and to obtain it, made affidavit in which he falsely stated that he had good reason to believe, and did believe, that Cornfeldt was about to fraudulently convey and dispose of his property and effects, so as to hinder, delay and defraud his creditors. He further alleged that the two sewing machines were tools and instruments used and kept by him for the purpose of carrying on his trade, and were worth $75, and were exempt from attachment and sale for debt, and that he so told defendants before they removed the machines.

The jury rendered a verdict for plaintiff and assessed his damages at $213.17. Defendants moved for a new trial, claiming that plaintiff was not entitled to exemplary damages.

*E. M. Card,* for appellants.

The court erred in refusing to instruct the jury that plaintiff could not recover exemplary damages. *Hoffman* v. *Northern Pac. R. Co.*, 45 Minn. 53; *Seeman* v. *Feeney*, 19 Minn. 79, (Gil. 54;) *Carli* v. *Union Depot, etc., Co.*, 32 Minn. 101.

The court erred in refusing to strike out what the witness Nemerovsky testified to on the part of the plaintiff, viz. that his brother said to him as he came into the shop: "The officer is going to take the two sewing machines for one day's rent." This evidence was volunteered by the witness, was not material upon any issue in the pleadings or then on trial. Its tendency was to prejudice the rights of the defendants with the jury.

The evidence of defendant Arrol's financial standing was clearly incompetent. These men were sued for a joint trespass; the officer for doing the act, and Arrol for directing it. A recovery therein could only be had because the constable had exceeded his authority. No recovery could be had in the action against defendant Arrol without a recovery against Farrell, the constable, making the levy; therefore, if defendant Arrol was a man of large means, it gave the jury no authority to lay its hands on Farrell, in any sum as smart money or exemplary damages. His liability is entirely dependent upon his acts. The financial standing of the plaintiff in

the writ cannot be considered in imposing punitive damages upon the constable for his acts done under color of such writ.

The verdict in this case was excessive.

*B. H. Schriber,* for respondent.

The defendants entered the premises of the plaintiff under color of a right given them by law. When entry, authority, or a license is given to any one by the law, and he doth abuse it, he shall be a trespasser *ab initio. Six Carpenters' Case,* 1 Smith's L. C. 216.

The fact that defendants knew the property was exempt at the time of the levy, is an aggravating circumstance of the strongest character. When they, with such knowledge, seized the machines, it is impossible to ascribe any other than a malicious motive to the act. The jury had the right to find it was done for the purpose of harassing and oppressing the plaintiff. *Lynd* v. *Picket,* 7 Minn. 184, (Gil. 128;) *Fox* v. *Stevens,* 13 Minn. 272, (Gil. 252;) *Seeman* v. *Feeney,* 19 Minn. 79, (Gil. 54;) *Boetcher* v. *Staples,* 27 Minn. 308.

Evidence of Arrol's financial standing was competent. Without it the jury could not determine what would be an adequate sum to assess as a punishment. The defendant Farrell made no separate and distinct objection on the trial to this testimony on the ground now urged. *McCarthy* v. *Niskern,* 22 Minn. 90.

DICKINSON, J. The defendant Farrell, a constable, under a writ of attachment issued in an action prosecuted by the defendant Arrol against the plaintiff, seized two sewing machines owned by the plaintiff. This is an action to recover damages for the taking of the property. The question to be considered is whether, under the circumstances shown by the evidence, the two machines may be deemed to have been exempt from attachment or execution by reason of their being within 1878 G. S. ch. 66, § 310, subd. 8, which exempts "the tools and instruments of any mechanic, miner, or other person, used and kept for the purpose of carrying on his trade."

The plaintiff is a tailor, and was personally engaged in that trade in a small shop in the city of St. Paul, in which these machines were

when they were levied upon.   One was an old machine, designed especially for the use of tailors; the other was a lighter machine, designed for general use.   The evidence showed that the plaintiff kept and used both machines in carrying on his trade, and it was submitted to the jury to determine whether it was reasonably necessary for him to use both.   The evidence justified the conclusion of the jury in favor of the plaintiff in this particular.   Such being the case, both machines were exempt under the statute recited above, and the plaintiff was entitled to recover.   Subdivision 9 of the same section specifies "one sewing machine" as exempt.   This was added to the statute subsequent to the enacting of the law exempting the tools and instruments of mechanics, above recited.   This general exemption of a sewing machine has no reference to the occupation of the owner, and in no way qualifies or restricts the specific exemption of the tools and instruments of mechanics and others used in the carrying on of their trades.

The evidence of the witness Nemerovsky as to his brother's statement to him on the occasion of the taking was objectionable, but we conclude, after some hesitation, that it can have done no harm.   It otherwise appeared that when the property was taken, on the 2d day of April, the defendant Arrol, in whose favor the attachment was issued, was claiming rent from the plaintiff for the entire month of April, but that the plaintiff, who had occupied the premises only one or two days of that month, and had either removed or was about to do so, claimed that he should only be required to pay for the time of actual occupancy.   The objectionable testimony went to show in an improper way the fact which had already been shown without objection, and was not controverted, that the property was being taken upon a claim for rent.   It was quite immaterial in this action whether the plaintiff was owing rent for the full month or only for a part of the month.   That was not tried or determined.   The real issue submitted to the jury was as to whether the property taken was exempt. In view of the facts which were before the jury without objection, and of the clearly defined issue plainly presented to the jury, it seems impossible that the verdict of the jury, either as to the fact of ex-

emption or as to the amount of the damages, can have been influenced by proof that a bystander had made the statement to the witness that the machines were being taken "for one day's rent."

The plaintiff claimed and recovered exemplary damages. In the trial the plaintiff called the defendant Arrol to testify to his financial standing, or the value of his property. The objection was made that such proof was "incompetent and immaterial." It is now urged that such evidence was not admissible to affect Farrell, who was a joint defendant with Arrol. It is too late now to present that objection. The point was not suggested to the trial court by the objection there made. If it were not for the joinder of Farrell, the evidence would have been admissible, (*McCarthy* v. *Niskern*, 22 Minn. 90,) and it may be doubted whether the joinder of several defendants for the same wrong would make any difference. But, if so, the objection to the evidence should be such as to direct attention to that feature of the case.

The court should be sustained in the conclusion that the witness Forrestal was not competent to prove the value of the machine which he purchased.

The evidence was such that it was within the province of the jury to award exemplary damages, and the amount of the same—about $138 in excess of what may have been deemed to be the value of the machines—was not beyond the limits of reasonable discretion. The evidence was such that it may have been considered by the jury that the plaintiff asserted his right of exemption when the levy was made; that the defendants knew that one of the machines at least was exempt, and that the levy was made under the express direction of the defendant Arrol, oppressively, and in culpable disregard of the rights of the plaintiff. As respects the power of the jury to award exemplary damages, the case is governed by the decision of this court in *Lynd* v. *Picket*, 7 Minn. 184, (Gil. 128.)

Order affirmed.

(Opinion published 52 N. W. Rep. 857.)

An application for reargument was denied July 15, 1892.