FIRST NATIONAL BANK OF MINNEAPOLIS v. CITY OF ST. CLOUD.

July 2, 1898.

Nos. 11,068—(194).

**Water Rental—Contract Price—Deduction of Damages—Decision of Referees not Sustained by Evidence.**

This was an action to recover the contract price for hydrant rentals, and the defendant was entitled to have deducted from such price its damages for an incomplete performance of the contract. The damages actually deducted by the referees were claimed by the defendant to be less than it was entitled to. *Held*, following Lane v. Dayton, 56 Minn. 90, that a motion was properly made for a new trial on the ground that the decision was not justified by the evidence.

**Same—New Trial—No Abuse of Discretion.**

This case was referred to referees to hear and determine, and they did so. Thereupon the court granted, on conditions, a new trial on the ground that the award was not sustained by the evidence. *Held*, that the rule of Hicks v. Stone, 13 Minn. 398 (434), subject to the qualification stated in Hughley v. City of Wabasha, 69 Minn. 245, applies to this case, and that the trial court did not abuse its discretion in the premises.

**Damages—Opinion Evidence Incompetent—How Ascertained.**

Mere difficulty in assessing the damages is no reason for denying them to a party who has a right to them as a substitute for that of which he has been deprived by the default of another. In cases where it is incompetent to give opinion evidence tending to establish the amount of damages, they are to be assessed in such reasonable sum as, in the judgment of the court or jury, the evidence warrants.

Action in the district court for Stearns county. The character of the action is stated in the opinion. After the case was remanded upon the former appeal, it was referred for hearing to E. T. Abbott, George L. Wilson and Ira B. Mills, who ordered judgment in plaintiff's favor as mentioned in the opinion. Thereupon the motion and order described in the opinion were made, and from the order, Searle, J., granting a new trial unless plaintiff would consent that the judgment in its favor be reduced to $2,713, plaintiff appealed. Affirmed.

*Gilfillan, Willard & Willard*, for appellant.

*G. W. Stewart*, City Attorney, for respondent.

START, C. J.

This action was brought to recover from the defendant city hydrant rental from July 1 to December 31, 1891, the sum of $3,800, less a payment thereon of $2,000, and from January 1 to June 30, 1892, the further sum of $3,800, on which no payment has been made, and for labor and material of the value of $82.90. There is no controversy on the last item.

The hydrant rental claims were originally held by the St. Cloud Waterworks Company, hereinafter called the "Water Company," which assigned them to Edward T. Sykes, who brought this action. The present plaintiff has succeeded to his interest in the subject-matter of the action.

The first trial of the action resulted in a verdict for the defendant, but upon an appeal to this court the verdict was set aside, and the case sent back for a new trial. See Sykes v. City of St. Cloud, 60 Minn. 442, 62 N. W. 613.

After the case was remanded, the defendant amended its answer, alleging that the water company failed to keep its contract with the city, in that it did not keep the hydrants supplied with water under sufficient pressure for effectual fire service, whereby the defendant sustained damages in the sum of $7,000, and asked to have that amount offset against plaintiff's claim. The case was referred to three referees to hear and determine, who found, in effect, that the water company did not at all times keep the hydrants supplied with water as required by the contract, but that the water actually furnished the city in part performance of the contract was of the value of 23 per cent. less than the rental stipulated for by the contract, and ordered judgment for the plaintiff for the amount claimed for hydrant rental less the 23 per cent. Thereupon the defendant moved the district court to vacate the report of the referees and grant a new trial on the ground that the decision was not justified by the evidence, and was contrary to law. The court made its conditional order granting the motion for a new trial unless the plaintiff would consent to a reduction of the amount found by the referees to $2,713. This was upon the basis that the fire service furnished by the company was deficient to the extent of 50 per cent., or, in other words, that the value of the service as rendered was

no more than 50 per cent. of the contract price. From this order the plaintiff appealed.

·1. It is claimed by the plaintiff that a new trial was granted for inadequate damages, and that such ground was not stated in the notice of motion; hence the court had no authority to grant the motion conditionally or otherwise for that cause. This objection assumes that the motion was made under G. S. 1894, § 5398, subd. 4, which provides that a new trial may be granted for "excessive or inadequate and insufficient damages appearing to have been given under the influence of passion and prejudice."

But the notice of motion expressly states the ground thereof to be "that the decision is not justified by the evidence, and is contrary to law." This is the exact language of the fifth subdivision of the same section. The referees found as a fact the value of the services as actually rendered, and that the plaintiff was entitled to judgment for the amount thereof. This value was necessarily reached by deducting the defendant's damages due to the failure of the water company to perform its contract in full from the amount due for hydrant rental at the contract price for full performance. The defendant moved for a new trial, and the court granted the motion, because the finding is not sustained by the evidence, in that it shows that the amount of the plaintiff's recovery should have been materially less; or, in other words, a greater sum should have been deducted from the contract price on account of defendant's damages.

This is a case where the defendant was entitled to have deducted from the contract price only its actual damages, and the motion was properly made on the ground that the decision was not justified by the evidence under G. S. 1894, § 5398, subd. 5. Lane v. Dayton, 56 Minn. 90, 57 N. W. 328; State v. Shevlin-Carpenter Co., 66 Minn. 217, 68 N. W. 973.

The rule of Hicks v. Stone, 13 Minn. 398 (434), applies to this case, although it was tried by referees, and not by the court, with the qualification that the discretion of the court in granting a new trial must, in such a case, be exercised entirely with reference to the evidence disclosed by the record. Hughley v. City of Wabasha, 69 Minn. 245, 72 N. W. 78.

2. The principal contention of the plaintiff is that the court erred in granting a new trial for the reason, not only that there was no evidence in the case which would sustain a finding of any greater damages than the referees allowed, but that there was no evidence to sustain a finding that the defendant had sustained any damages by the breach of the contract.

The contract is Ordinance No. 74 of the city of St. Cloud, which is set forth in the opinion in the case of Sykes v. City of St. Cloud, 60 Minn. 442, 62 N. W. 613. The city, by the terms of this contract, agreed to pay a rental of $60 a year for each hydrant attached to the waterworks until there were not less than 500 private patrons of the water company, and thereafter the rental was to be $55 a year for each hydrant. Maximum rates for water used by private consumers was fixed by the contract. The water company agreed to furnish water free for the public buildings of the city, for drinking purposes for churches and schools, for fountains and for sprinkling 30 blocks of streets.

It is asserted by the plaintiff that the hydrant rental was intended in part to pay for the free water the company agreed to furnish, and that, there being no evidence to show the amount and value of free water so furnished each year, it is impossible to determine how much the city actually agreed to pay for fire service, and therefore the evidence afforded no basis for ascertaining how much the city was damaged by the alleged failure to furnish effective fire service.

The contract does not justify this claim, for section 5 of the ordinance clearly shows that the agreement as to free water was in consideration of a conveyance of the old water plant then owned by the city to the water company for $20,000, and the grant of a franchise for 30 years, to establish, maintain, and operate a system of waterworks in the city. The language of the ordinance is:

"In consideration of said conveyances and of this franchise, and as full compensation therefor to the city, said grantees, their heirs and assigns, shall, during the full term and continuance of this franchise and license, supply water free of charge."

Then follows a specification of the purposes for which free water shall be furnished.

It is probably true that the agreement of the city to use for fire protection not less than 100 hydrants, and pay for the use of each a yearly rent of $60, was one of the inducements for the water company's acceptance of the franchise and agreement to establish and operate the plant, and furnish free water in the specified cases. So, too, was the right to supply private consumers, and charge the maximum rates for water furnished to them. The city had the use of 132 hydrants, for which the agreed rental amounted to the sum of $7,600. This is the contract price claimed in the complaint for the use of the hydrants, not for such use and free water furnished. The water company agreed on its part to keep all of the hydrants supplied constantly, day and night, and at all times, except in case of unavoidable accident, with water under sufficient pressure for effective fire service. The contract test of the efficiency of such service was that the pressure was to be at all times such as to throw water from six hydrants at the same time 100 feet high through 100 feet of 2½-inch hose with 1-inch nozzle. The evidence tends to show that the water in the hydrant must be kept at a pressure so that it can be thrown 60 to 70 feet to secure anything like effective fire service.

Now, the evidence tends to show that the water company, during the time for which hydrant rental is claimed in this case, not only did not furnish the city effective fire service, but that the uniform pressure at the hydrants was much less than the minimum standard of effectiveness, to say nothing of the contract standard. There is evidence in the case that, at one fire at least, the pressure was not sufficient to break a single pane of glass, or to throw the stream into the first-story window of the building. It is unnecessary to discuss the evidence on this point, for it is ample to justify the conclusion that there was not simply a nominal breach of its contract on the part of the water company, but a radical and substantial breach thereof.

It is a very difficult matter to assess the defendant's damages in this case, but mere difficulty in assessing damages is no reason for denying them to a party who has a right to compensation as a substitute for that which he was entitled to receive, but of which he has been deprived by the default of another. The result sought

to be reached in this case is to ascertain how much the plaintiff ought to recover on the contract. This is to be ascertained by deducting from the contract price the amount of the damages sustained by the defendant by reason of the failure of the water company to perform the contract in full on its part.

The services rendered by the water company under the contract, and those it failed to render, have no market value; hence opinion evidence was not competent. The damages in such a case must be assessed in such reasonable amount as, in the judgment of the court or jury, the evidence warrants.

The district court in this case, in the exercise of its discretion, granted a new trial, because the amount of the plaintiff's recovery was not justified by the evidence; that is, the defendant's damages were not assessed as high as the evidence required. The evidence fairly justifies the conclusion that the plaintiff was not justly entitled to recover as much as was awarded by the referees, and clearly it was not so manifestly and palpably in favor of the award as to warrant this court in setting aside the order of the district court in granting a new trial conditionally. There was no abuse of its discretion by the trial court.

Order affirmed.

BUCK, J.

I think that the sentence in the foregoing opinion that "the services rendered by the water company under the contract, and those it failed to render, have no market value; hence opinion evidence was not competent," states the rule too broadly. It will lead the legal profession to believe that, under this rule, opinion evidence cannot in any case be given where the property in question has no market value. I do not understand that such is the law in all cases. One may testify to the value of land although it has no market value. St. Louis v. Chapman, 38 Kan. 307.

That case was cited with approval in Bowers v. Horen, 93 Mich. 420, 53 N. W. 535, by the supreme court of Michigan. In the latter case it was held that farmers who know the value of a shepherd dog, which is chiefly valuable for his ability to herd cattle and horses, can give their opinion as to the value, without showing that the dog

has a marketable value on account of his tried or peculiar qualities which make him salable at some approximately regular price:

In Murray v. Stanton, 99 Mass. 345, 349, it was said that

"When there is a market value it shows the price at which either party may have relief from the consequences of the default of the other, and therefore it properly measures his damages. But when there is no such standard the damages must be estimated from other means of valuation."

If there is no market value, the law allows the next best evidence to ascertain its value; using such elements of value as are attainable either for the assessment of damages or the appraisal of property.