CATHERINE MATTESON v. GEORGE H. MUNRO and Another.[1]

June 27, 1900.

Nos. 12,073—(171).

**Exemption of Seed Grain—Farming on Shares.**

An owner of a farm may claim the exemption of seed grain, under the statute, when renting the farm on shares and furnishing the seed.

**Wilful Levy on Exempt Grain.**

A wilful levy upon exempt seed grain with the knowledge that it is exempt will justify exemplary damages.

**Verdict not Excessive.**

Verdict *held* not to be excessive.

Action in the district court for Stevens county against defendant Munro, sheriff of said county, and McCormick Harvesting Machine Company to recover $200 damages for wrongful seizure of wheat. The case was tried before Steidl, J., and a jury, which rendered a verdict in favor of plaintiff for $192.05. From an order denying a motion for a new trial conditionally on plaintiff's consent to reduc-

[1] Reported in 83 N. W. 153.

tion of the verdict to $125, to which plaintiff consented, defendants appealed. Affirmed.

*S. A. Flaherty* and *Brown, Reed, Merrill & Buffington,* for appellants.

*Spooner & Spooner,* for respondent.

LEWIS, J.

The plaintiff lived with a daughter in Morris, and owned a farm of eighty acres, twelve miles distant. For a number of years she had rented the farm to tenants, who furnished the seed, and delivered to her upon the farm one-third of the crop. For the year 1899 she had made an arrangement with a tenant to crop about seventy-five acres, she herself to furnish the seed, but no particular amount of wheat for seed had been determined, the tenant having the option as to amount, but was expecting to sow the whole seventy-five acres to wheat. On August 30, 1898, after the arrangement for 1899 above mentioned had been entered into, the defendant McCormick Harvester Machine Company, a judgment creditor of plaintiff, levied upon one hundred seventy-seven bushels of the wheat which had been grown upon the farm during the year 1898, and was then being threshed, and was delivered to plaintiff at the machine. The sheriff, in making the levy, acted under the direction of an agent of the judgment creditor. At the time the levy was made, the plaintiff was present, and protested against it, telling the agent and sheriff that the grain was exempt; that she had to have it to live on; that she wanted it for her own use; that she wanted to put her crop in, and could not put in her farm unless she had the grain. Twelve bushels, which were reduced to eight when cleaned, were set aside for plaintiff as exempt, and the balance taken.

This action was brought to recover punitive damages for the wrongful taking, as well as the value of the wheat. Plaintiff had a verdict, and defendants appealed from an order denying their motion for a new trial. Two questions are presented: First, was the wheat exempt? and, second, was plaintiff entitled to exemplary damages?

1. The law, as amended by Laws 1897, c. 15, § 1, reads as follows:

"Necessary seed grain for the actual personal use of the debtor

for one season, to be selected by him; not, however, in any case to exceed the following kinds and amounts respectively, viz.: one hundred bushels of wheat.   *   *   *"

It is immaterial whether the debtor requires the seed grain in conducting his own farm personally or for the purpose of furnishing it to a tenant who conducts the farm on shares.   In either case it is for the debtor's personal use.   There was testimony to the effect that one and one-half bushels of seed per acre were necessary, and, as the tenant expected to sow the entire seventy-five acres to wheat, the amount required would be 112½ bushels.   The undisputed evidence as to the amount required for flour for plaintiff's personal use was twenty-five bushels.   Of this she received eight, making a total of 117 bushels exempt.   This was shown to be worth at least 52 cents per bushel, amounting to $60.84, as the value of the grain exempt.

2. The jury returned a verdict for $192.05, and the court ordered a new trial unless plaintiff would consent to remit all of the amount in excess of $125.   Plaintiff accepted the condition.   This leaves the sum of $64.16 to be accounted for on the ground of exemplary damages.

It is urged that this is not a case permitting punitive damages. Defendants insist that the facts that plaintiff had not lived upon the farm for years; had rented it to tenants, who furnished the seed; that she lived with a married daughter in the town, and had nothing to do with the farm except to receive her interest of the crop each year,—were sufficient to warrant them in assuming that the grain was not intended for seed purposes.   These facts would have great weight if defendants had not been informed by plaintiff personally at the time.   The court instructed the jury that if they found that the wheat was exempt, and the taking was malicious and wilful, they should allow damages for that reason.   In the early case of Lynd v. Picket, 7 Minn. 128 (184), it was held that making a wilful levy upon exempt property knowing it to be exempt was an aggravating circumstance of the strongest character, and would justify a jury in finding that it was done for the purpose of annoying or harassing the debtor.   This was approved in Gardner v. Minea, 47 Minn. 295, 50 N. W. 199, and also adopted in Cronfeldt v. Arrol, 50

Minn. 327, 52 N. W. 857. The defendants were fully notified that the grain was exempt, and the ground of the exemption was stated. If they did not believe the plaintiff, and took their chances, they did so at their peril. The amount, as reduced by the court, was not excessive, and the verdict should not be disturbed.

Order affirmed.