FRANCES· STICHA v. WILLIAM M. BENZICK AND MARTIN J. BENZICK.[1]

June 8, 1923.

No. 23,358.

**When assignments of error will not be considered.**

1. Assignments· of error not discussed and assignments which do not point out the alleged error in the record will not be considered on appeal.

**Malicious prosecution—want of probable cause.**

2. In this action to recover for malicious prosecution of civil and criminal actions for slander by defendants, if the jury found that the alleged slander was true, the court should have instructed that there was want of probable cause.

**Rulings on admission of testimony without prejudice.**

3. No prejudicial error resulted to defendants from rulings complained of in the admission or exclusion of testimony.

**Correction of erroneous statement of the law.**

4. An erroneous statement of a legal proposition made by plaintiff's counsel in the final argument was fully corrected by the court at the time, and also by an instruction requested by defendants.

[1]Reported in 194 N. W. 752.

**Refusal to instruct not error.**

5. No error occurred in refusing to instruct that good faith in the instigation of the slander litigation might mitigate damages.

**Verdict against one defendant must include the other.**

6. The two defendants have so conducted the defense that if the verdict must stand as to one it must also stand as to the other.

**Verdict not due to passion or prejudice.**

7. The verdict, though large, may not be held so excessive that the court must find that the jury were actuated by passion or prejudice.

Action in the district court for Rice county to recover $10,600 for malicious prosecution. The case was tried before Childress, J., who when plaintiff rested denied defendants' motion to dismiss the action and at the close of the testimony denied their motion for a directed verdict, and a jury which returned a verdict for $5,000. From an order denying their motion for judgment notwithstanding the verdict or for a new trial, defendants appealed. Affirmed.

*Frank M. Wilson, Quinn & Moonan* and *E. S. Cary,* for appellants. *Oliver G. Wondra* and *Arthur LeSueur,* for respondent.

HOLT, J.

In an action for malicious prosecution a verdict of $5,000 was rendered against defendants, who appeal from the order denying judgment non obstante or a new trial.

Plaintiff, after being a widow for several years, gave birth to twins. Rumors pointed to defendant William M. Benzick as the father. When this reached his wife and friends, he got three of the latter to go with him to plaintiff to learn from her whether she had started the story or accused him. Their claim is that, after considerable hesitation, she indicated that William was to blame. He then began a civil action against her for slander, alleging damages in the sum of $5,000. This action was dismissed, and then he made three successive criminal complaints for slander under each of which she was arrested. The first complaint was dismissed by the county attorney because of a defect; the second prosecution failed

because the justice to whom the cause had been transferred did not appear at the time and place set for the trial; the third was tried, and plaintiff, the defendant therein, was acquitted. Thereafter she began this action in which Martin J. Benzick, the father of William, is also a defendant charged with aiding and abetting his son in the slander prosecutions.

There are many assignments of error not discussed in the brief nor mentioned in the oral argument. Such assignments will not be considered, nor will attention be given to those not more specific than No. 24, which reads: "To any and all rulings to which objections were made by said defendants and to which exceptions were duly taken, and which appear by and upon the transcript, these defendants assign as error, as those specifically set forth." There are over a 1,000 folios in the transcript, in which are numerous rulings and exceptions. Our rules require errors to be urged in this court to be specifically assigned and pointed out in the record. We shall therefore consider only those matters which are presented in a somewhat definite form by the assignments and the arguments based thereon.

Plaintiff and defendants lived at Lonsdale, Minnesota. Defendant William was in the auto livery business. On April 24, 1920, he was hired by plaintiff to take her to see a doctor at New Prague, and again on May 7 and June 2. On the way back on each of the two last mentioned dates plaintiff testified to illicit relations with William resulting in the birth of the twins on November 13. There was evidence that they were prematurely born. Both died within two days after birth. William denied all wrongful conduct and sought to establish that plaintiff had requested the doctor to perform an abortion upon her and that that was her purpose in going to New Prague.

It is quite clear that, if defendant William had sustained illicit relations with plaintiff, he had no probable cause for prosecuting her for either civil or criminal slander in stating that he was the father of the twins to whom she had given birth. When the facts are undisputed the question of want of probable cause is for the court. 2 Dunnell, Minn. Dig. § 5744, and cases cited. But here a

disputed fact was whether or not William was the cause of plaintiff's pregnancy. If the jury found he was, the court should have instructed that there was want of probable cause for the litigation to which plaintiff had been subjected. That the question of want of probable cause was wholly left to the jury defendants did not complain of at the trial, and we do not understand that they do now. At any rate, the court could not say upon the evidence that there was probable cause.

Conceding, but not so deciding, that if plaintiff was pregnant before defendant William had criminal relations with her, there was probable cause for prosecuting her for saying that he was the father of the children just born, we must consider whether the court in the rulings on testimony offered by defendants to prove such prior pregnancy erred to their prejudice. The rulings of the learned trial court were not always consistent, but, this notwithstanding, the doctor at New Prague was permitted to testify that on May 19 and subsequently she did request an abortion. His testimony was positive, and he was defendants' witness, that no such request was made prior to that date. It also appears that, from an appendicitis operation in February previous, plaintiff was left in a weakened condition for which she sought relief in the first and second trips to the doctor at New Prague. It is plain that what she disclosed to her physician when she consulted him for treatment for some ailment and what he learned by a physical examination of her was privileged. But a request that the doctor perform a criminal operation was not. McKenzie v. Banks, 94 Minn. 496, 103 N. W. 497. The doctor was permitted to relate what she desired to have done in that respect. However, error is assigned because he was not allowed to state what he understood her to mean by the expression "help her out." We think it so perfectly clear from other parts of the doctor's testimony that he understood her to request a criminal operation that no explanation of the meaning of the words she used was necessary.

Another assignment of error touching the same subject is that the court erred in refusing to permit the doctor to testify that plaintiff was to his knowledge pregnant in the months of May and June, 1920. The jury must have gained the same knowledge from the mere fact

that on the thirteenth of November following she gave birth to children of the maturity disclosed. There was no offer to prove how far advanced her pregnancy was when on May 19, she made her first request for an abortion.

Of course, plaintiff's attorney was wrong in his argument to the jury that plaintiff's acquittal in the slander prosecution proved defendant William the father of the children referred to. But the court at once corrected the misstatement of the legal proposition so pointedly that the attorney for defendants stated he was content. And again, in the charge an instruction requested by defendants was given which covered the subject fully.

The jury necessarily found that defendant William had illicit relations with plaintiff as she testified. This would eliminate any claim of good faith in instituting the slander suits. So there can be no reversible error in refusing the oral request, made after the court's charge had been given, to instruct the jury that good faith can be taken into consideration in mitigation of damages.

Defendants are mistaken when stating that the attorney for plaintiff did not claim exemplary damages. The complaint was broad enough to apprise defendants that the proof might be such as to warrant a jury in awarding such damages. And that was the gist of the attorney's statement at the trial.

On the oral argument it was urged that the verdict against Martin is without support, that he merely showed a father's interest in the aid and advice he gave his son, and that it was but natural for him to believe his son told the truth when he declared he was innocent of any wrongful conduct with plaintiff. Malicious prosecution is a tort in which more than one may participate and become jointly liable to the injured party. Newell, Malicious Prosecution, p. 368. If Martin aided and abetted his son in the prosecutions of the slander suits, he took his chances that the son informed him truly when denying relations with plaintiff. Moreover, at no time in the court below did Martin present the proposition that, if he in good faith believed and had reasonable grounds for believing that plaintiff had slandered his son, no recovery could be had against him. When plaintiff rested defendants jointly moved for a dismissal. At the

close of the evidence there was a joint motion for judgment. And in the motion for a new trial no ground is stated by Martin why he should be entitled thereto apart from William. The appeal also is joint. In this situation and with evidence in the record which justified the jury in finding that Martin assisted and abetted William, we see no ground upon which the former may escape liability.

That plaintiff, if entitled to a verdict herein, may recover the reasonable value of the attorneys' fees incurred in the slander litigation, does not admit of doubt. Mitchell v. Davies, 51 Minn. 168, 53 N. W. 363.

The damages are large. The jury awarded the same sum which defendant William asked to recover in the slander action. The amount is not so excessive that we may say that the jury were actuated by passion or prejudice. The damages are for an injury not capable of ascertainment by any standard or by testimony. It must largely be left to the combined judgment and common sense of the jurors. A majority of the court are of the opinion that the verdict as approved by the trial court should not be interfered with. No other alleged error requires notice.

The order is affirmed.