## ALBERT DREELAN v. JOSEPH KARON.[1]

April 6, 1934.

No. 29,879.

[1]Reported in 254 N. W. 433.

*Theodore Hollister* and *Lathers & Hoag,* for appellant.
*Chauncey C. Colton,* for respondent.

*DEVANEY, Chief Justice.*

Action to recover $650 claimed to be the reasonable value of services rendered. Plaintiff tenanted defendant's premises from October, 1930, until February, 1933. He alleges that on October 2, 1931, the end of the first year, he and defendant entered into an oral agreement whereby plaintiff was to act as general caretaker for defendant's premises, which included several adjoining buildings as well as the one plaintiff was then occupying. Pursuant to such agreement, plaintiff performed odd services such as putting on storm windows, exterminating fires started by mischievous children, making minor repairs, keeping the walks clear of ice and snow during the wintertime, etc. He testified that though defendant had agreed to pay him "wages, going wages, at laboring man's pay," defendant had at the time of trial paid him nothing. Defendant denies having made any promise to employ plaintiff or to pay him anything. The case was submitted to a jury, who found for plaintiff in the sum of $355.98. On motion, however, the trial court set aside the verdict and entered judgment for defendant notwithstanding on the ground that since plaintiff had not proved the value of the services rendered he had failed to make out his case.

Two questions are presented:

(1) Was there sufficient evidence of the value of the services rendered to allow the case to go to the jury?

(2) If there was not such evidence, is plaintiff entitled to a new trial?

■ In the case of Ertsgaard v. Bowen, 183 Minn. 339, 237 N. W. 1, suit was brought for the reasonable value of services rendered. The court said:

"So it was for him [plaintiff] to prove (1) that the services were rendered; (2) under circumstances from which a promise to pay for them should be implied; and (3) their value."

The trial court in the case at bar took the view that element (3), the value of the services, had not been proved. Hence he entered judgment notwithstanding for defendant. As to the work he had done, plaintiff testified that he put on and removed storm windows, kept the sidewalks free of ice and snow during the winter, made minor repairs on the premises, put out fires started by mischievous boys, fixed broken windows, nailed loose doors shut, cut grass, conducted 20 or 25 prospective tenants through the premises, etc. He further stated that he had paid no rent from the time that he arranged to care for the property until he vacated. He testified that at times he had worked for the city and others and was on those days absent from the premises. Plaintiff nowhere stated the number of hours per day, per week, or per month that he spent in doing this work. He apparently kept no record thereof and never rendered a statement to defendant of the amount due. There is in the record no testimony as to "going wages" or as to the reasonable value of the services plaintiff has rendered. Plaintiff himself made no attempt to estimate the value of his services. He did not state whether they were worth $10 or $1,000. In this situation the jury did not and could not have known whether plaintiff spent 6 or 60 hours a week; whether he worked all the time or very little; whether he was entitled to $10 or $1,000. The jury's verdict must have been mere conjecture. Even when asked on cross-examination the number of hours he worked per day or per week, plaintiff evaded the question and did not answer. Under this state of the record the trial court did not err in concluding that there was no evidence to go to the jury as to the reasonable value of the services and that the estimate of $355.98 by the jury was nothing but a mere guess. While it is true that difficulty in assessing damages is not ground

for denying the plaintiff relief (Watre v. G. N. Ry. Co. 127 Minn. 118, 123, 149 N. W. 18), yet where there is no evidence upon which the jury reasonably could assess the damages, it is error to allow them to return a verdict based upon more conjecture. Hubbard Specialty Mfg. Co. v. Minneapolis W. D. Co. 47 Minn. 393, 50 N. W. 349; see Mitchell v. Davies, 51 Minn. 168, 53 N. W. 363; 2 Dunnell, Minn. Dig. (2 ed. & Supp.) § 2591. The cases upon which plaintiff relies so strongly are for the most part distinguishable. In First Nat. Bank v. City of St. Cloud, 73 Minn. 219, 75 N. W. 1054, the question was the value of damages sustained by the city because of the water company's failure to keep sufficient pressure in fire hydrants. In that case the nature of the circumstances would not permit of evidence of exact value. In the case at bar, however, records could have been kept of the time spent and the exact tasks performed. Palmer v. Mutual L. Ins. Co. 121 Minn. 395, 141 N. W. 518, Ann. Cas. 1914D, 160, where the question was the value of a life insurance policy which had been wrongfully canceled, is patently distinguishable, as there definite figures and mortality tables were in evidence as to its value. Watre v. G. N. Ry. Co. 127 Minn. 118, 149 N. W. 18, involved merely allocating to one defendant the amount of damage done to certain flooded property and not a question of whether there was any damage at all. None of these cases are particularly analogous to, or control, the instant case.

■ The only other question in this case is whether the trial court should have granted a new trial rather than enter judgment notwithstanding. The law is definitely settled in this state that judgment notwithstanding should not be entered where it is probable that any deficiency in either the pleadings or the proof can be supplied if another trial is had. Thomas Keating Co. v. Inland Steel Co. 157 Minn. 243, 195 N. W. 1016. Nadeau v. Maryland Cas. Co. 170 Minn. 326, 331, 212 N. W. 595; Trovatten v. Hanson, 171 Minn. 130, 132, 213 N. W. 536. In the case at bar there has been no showing that if a new trial is had the deficiency in proof could be supplied. No showing is made that plaintiff kept any records at all of the amount of time spent or the number of hours consumed in the course of employment. Counsel for plaintiff steadfastly main-

tains that there was nothing more that could possibly be produced in behalf of plaintiff. Under this state of the record there is a deficiency which cannot be supplied. Plaintiff's counsel thus states it in his brief:

"We had before the court a case where there was no market value to be appealed to; there was no possibility that any witness could be called as an expert who could qualify on the question of the value of the services rendered.

\* \* \* \* \* \*

"It must be apparent to anyone that will give the matter any consideration, that no 'yardstick' could be found with which to measure what plaintiff should be paid, and that no person could be found who could qualify as an expert, so as to make his testimony of any value or aid the jury in arriving at the correct amount to be allowed. The work which the plaintiff was required \* \* \* to do \* \* \* speaks louder than words as to the impossibility of proving \* \* \* plaintiff's damages."

If counsel is unable to ascertain or to furnish a means for ascertaining plaintiff's damages, how can he expect a jury to assess the damages? If the deficiency cannot be supplied and "no 'yardstick' could be found with which to measure what plaintiff should be paid," then a new trial would be meaningless and without point and the conclusion of the trial court manifestly correct.

Plaintiff calls attention to other less important objections to the result here reached. We have examined all of the same with care and find no error in any respect.

■ Since the jury found that defendant made and breached a contract, plaintiff was entitled to nominal damages. But we follow the firmly established rule that a new trial will not be awarded where such could result in no more than recovery of mere nominal damages. Harris v. Kerr, 37 Minn. 537, 538, 35 N. W. 379; Reinkey v. Findley Elec. Co. 147 Minn. 161, 165, 180 N. W. 236; Smith v. Altier, 184 Minn. 299, 301-302, 238 N. W. 479.

Judgment affirmed.