E. S. SWEENEY v. MARY C. MEYERS AND ANOTHER.[1]

January 15, 1937.

No. 30,930.

[1]Reported in 270 N. W. 906.

R. S. *Thornton* and *Constant Larson,* for appellants.
*Frankberg, Berghuis & Frankberg,* for respondent.

HILTON, JUSTICE.

Appeal from an order denying defendants' alternative motion for judgment notwithstanding the verdict or for a new trial.

Action for damages sustained as a result of the unlawful eviction of plaintiff from his dental offices. Plaintiff had been a practicing dentist since 1905. In 1921 he opened an office at Alexandria, Minnesota, in a building which in 1925 became the property of Mary C. Meyers, one of the defendants here. The other defendant is her husband, Matt P. Meyers. On August 29, 1932, plaintiff went to his office at about 7:30 a. m. About 8:30 he left it, intending to remain away only a short time. When he returned the outer door of the office was padlocked and so remained until September 14. The lock had been placed there by defendant Matt P. Meyers, acting as agent of his wife. It was claimed that plaintiff was in arrears in his rent. This subsequently was proved false. Plaintiff sought to recover damages on two causes of action: (1) Alleged excessive rental, and (2) general and punitive damages for the unlawful eviction. The first cause is not before us. As to the second, the jury returned a verdict against both defendants for $300 actual damages and for $600 exemplary damages against the defendant Matt P. Meyers.

Defendants urge that there is no evidence reasonably tending to support the finding that plaintiff suffered an actual loss of $300. At the time he was evicted plaintiff was working on dental plates

ordered by one Wallace, a resident of Kansas City, for which he was to receive $125. One hundred dollars of this amount would have been profit. Wallace was to call for the plates on a day which turned out to be a time during which the office was padlocked. After it was reopened he did not return. Defendants say there is no showing that Wallace would ever have come back, as his first name was not known nor was the exact street address where he lived in Kansas City. These facts do not detract from the conclusion that Wallace had incurred an obligation of $125 to the plaintiff which he was bound to pay if the job was finished at the appointed time. The act of the defendants made its completion at that time impossible. Wallace merely was a summer visitor at Alexandria. The office was padlocked at almost the very end of the summer lake season. The jury might have considered this in determining whether it was essential that the plates be finished and ready for delivery at the appointed day.

At the time the office was locked plaintiff was also working on two different casts of bridgework for two men employed on state highway road work, for which he was to receive $120. Although their names were not known, they were recognizable and had incurred an obligation to plaintiff when he had performed his part of the contract. Defendants prevented his so doing. The men did not come back when the office was reopened. It was hardly necessary for plaintiff to maintain a vigil at the locked office door to determine conclusively whether these patients called during that time. It is only reasonable to suppose that they did. Further, there was testimony that many people, some of whom probably were prospective patients, were seen to try the locked office door.

From September 13, the time when plaintiff was able to reopen his office, until the end of that month, he took in cash totaling $195. Taking this into account and considering the fact that many people called during the period the office was closed and also that there was evidence from which it could have been found that plaintiff lost $245 on three definite jobs, it does not seem that defendants' contention that the verdict of $300 could have been reached only as the result of conjecture is tenable. Although a verdict

cannot be based on mere guess, Hubbard Specialty Mfg. Co. v. Minneapolis Wood Designing Co. 47 Minn. 393, 50 N. W. 349; Dreelan v. Karon, 191 Minn. 330, 254 N. W. 433, mere difficulty in assessing damages is no ground for denying plaintiff relief. Watre v. G. N. Ry. Co. 127 Minn. 118, 149 N. W. 18. The $55 here allowed above the showing of actual loss is not unreasonable. It is claimed that plaintiff should have done something to mitigate the damage. His professional equipment was locked securely out of his reach. It is difficult to see just what he could have done. To have purchased more equipment or secured another office would only have increased the damages.

The exemplary damages allowed are claimed to be excessive. Plaintiff had practiced in the city of Alexandria for about 15 years. He had established a good reputation. Undoubtedly a patient's confidence, an invaluable asset to a professional man, would be shaken by the finding of a padlock on the door of his dentist's office. The amount of damages in a case such as this cannot be determined by any established rule. It is a matter that is "emphatically for the jury." Peck v. Small, 35 Minn. 465, 467, 29 N. W. 69, 70; Bronson Steel Arch Shoe Co. v. T. K. Kelly Inv. Co. 183 Minn. 135, 236 N. W. 204. Unless the verdict of the jury is so clearly excessive that it is apparent the jurors were actuated by passion or prejudice it will not be disturbed. Sticha v. Benzick, 156 Minn. 52, 194 N. W. 752. Here there is no such indication. Defendant Matt P. Meyers was worth over $35,000. That factor might be considered by the jury in arriving at its verdict. McCarthy v. Niskern, 22 Minn. 90; Nelson v. Halvorson, 117 Minn. 255, 135 N. W. 818, Ann. Cas. 1913D, 104. In view of the business loss and embarrassment suffered by plaintiff, it cannot be held as a matter of law that the amount awarded was excessive.

Affirmed.