### DAVID BROWN *versus* NATHAN WAIT.

A householder who has neither wife nor child, comes within the meaning of *St.* 1805, *c.* 100, exempting from attachment and execution the beds, bedsteads, bedding and household utensils of any debtor, necessary for himself, his wife and children, provided that the beds and bedding exempted shall not exceed one bed, bedstead and necessary bedding to two persons, and household furniture to the value of fifty dollars.

A householder who has neither wife nor child, is entitled to hold one bed and bedding exempted, the proviso being inapplicable to such a case.

But another bed and bedding, used by persons boarding with him, are not exempted.

A cooking stove was *held* not to be exempted, under *St.* 1817, *c.* 108, because it did not appear that it was used " exclusively " for the purpose of warming the building ; but the construction of Revised Stat. *c.* 97, § 22, *it seems,* would be different.

TRESPASS against a constable for attaching the plaintiff's goods.

On a case stated it appeared, that the attachment was made in November 1835, on a writ against Brown in favor of one Hendley. Previously to the attachment the plaintiff carried on the business of a cabinet-maker, in Medford, in a shop hired by him for that purpose, and employed several workmen. He also hired and furnished a house there, and boarded his workmen therein, and hired and employed a woman as his housekeeper. He had no wife nor child, nor was he ever married. Before the attachment by Wait, a deputy sheriff had attached and sold, on writs sued out by other creditors, all the property of Brown, except the articles attached by Wait ; which articles had been set out by the deputy sheriff for the use of Brown and his family as exempted by law from attachment, and Wait was appointed by the deputy as one of the appraisers of the articles supposed to be thus exempted, and acted as such appraiser.

All the articles mentioned in the plaintiff's writ, except the two beds, bedding, cooking stove with its appurtenances, and part of a barrel of flour, consisted of household furniture and were necessary to enable the plaintiff to keep house as above mentioned, and were of the value of $ 30 ; each of the beds, with half the bedding, was of the value of $ 20 ; and the cooking stove with appurtenances was of the value of $ 5.

If the plaintiff was entitled to hold the whole or any part of

the articles attached by the defendant, the defendant was to be defaulted and the plaintiff to have judgment for damages to the value of the whole or of such part.

*A. W. Austin*, for the plaintiff, cited *Glidden* v. *Smith*, 15 Mass. R. 170 ; *St.* 1805, *c.* 100 ; 1813, *c.* 172 ; 1817, *c.* 108 ; 1832, *c.* 58 ; Revised Stat. *c.* 97, § 22.

*A. Bartlett*, for the defendant.

WILDE J. afterward drew up the opinion of the Court. The defendant justifies the supposed trespass, he being a constable of the town of Medford, duly qualified to serve writs in civil suits, under a certain writ of attachment against the plaintiff ; and it is agreed that he duly returned the writ with his doings indorsed thereon, under his hand, to the Court of Common Pleas, wherefrom it issued, according to law. The only question, therefore, is whether any of the goods attached were exempted from attachment as the law was when the writ was served.

By *St.* 1805, *c.* 100, the beds, bedsteads, bedding and household utensils of any debtor, necessary for himself, his wife and children, were exempted from attachment and execution, provided that the beds and bedding exempted should not exceed one bed, bedstead and necessary bedding to two persons, and household furniture of the value of fifty dollars.

It has been argued that as the plaintiff had no children and had never been married, he does not come within the true meaning of the statute. But we are of opinion that the statute will not admit of such a construction. The true meaning undoubtedly is, that the property necessary for the debtor, and for his wife and children, if he should have any, should be exempted.

By the construction contended for it would follow, that if the debtor were married, but had no children, his property would not be exempted ; which cannot, as we think, be the true intent of the statute.

It has been further argued, that it cannot be necessary for an unmarried man, without children, to keep house, and consequently that the beds and furniture in the present case were not necessary for the plaintiff, as the law requires them to be. This would be giving to the statute a very strained construction, and, as to beds and furniture, would render it useless

for if the word "necessary" is to be taken in its strictest sense, it is not necessary for any one to keep house. But it cannot be supposed that the legislature intended to interfere with the choice of the debtor to keep house or not, as he might see fit.

The question, therefore, is not whether it was necessary for the plaintiff to keep house or not, but what was necessary for him he being in fact a housekeeper.

By the statement of facts it appears, that two beds and bedding were attached, one of which only was exempted from attachment. One bed is exempted, notwithstanding it is provided that the beds and bedding exempted shall not exceed one bed, bedstead and bedding to two persons ; for this proviso is not applicable to a debtor who has no children. All the household furniture also was exempted from attachment, being only of the value of $ 30.

The cooking stove, we think, is not exempted, because it does not appear that it was used *exclusively* for the purpose of warming the plaintiff's house, as the statute requires. By the *revised* statutes the word " exclusively " is omitted, and that statute, therefore, would probably admit of a different construction.

*Judgment for the plaintiff.*