## FORECLOSURE ON HOUSEHOLD GOODS.

[Circuit Court of Cuyahoga County.]

THE ECONOMY BUILDING & LOAN COMPANY v. W. C. NEWMAN.

Decided, December 1, 1905.

*Necessary Household Goods under Chattel Mortgage Law—Benefits of
  Section 4155-1—Not Limited to Married Persons or Heads of Fami-
  lies—Character of Goods not Lost by Temporary Storage—Value
  of Goods which Have Been Used—Evidence.*

1. The benefits of Section 4155-1 of the Revised Statutes, regulating
   procedure in the foreclosure of a chattel mortgage on the neces-
   sary household goods, wearing apparel and mechanics' tools of
   any person or family, are not limited to married persons or heads
   of families.
2. Household goods, formerly used by the owner, but temporarily
   stored by him with the intention of resuming their use within a
   reasonable time, do not lose their character as *necessary* house-
   hold goods within the purview of Section 4155-1 of the Revised
   Statutes.
3. The value of household goods which have been used is not limited
   by the market value of such goods as second-hand articles, al-
   though such value, if there is one, should be submitted to the jury.
   The owner should also be permitted to show what he considers
   them worth, based upon his knowledge of what they cost, the
   character of the goods, and the uses to which he applied them.

WINCH, J.; MARVIN, J., and HENRY, J., concur.

Error to the court of common pleas.

Wm. C. Newman, defendant in error, brought his action
against plaintiff in error for damages for the conversion of cer-
tain household goods alleged to have been wrongfully taken
from him by said plaintiff in error. The plaintiff below re-
covered judgment against the defendant below, and from the
bill of exceptions filed with the petition in error in this court,
it appears that Newman was the owner of said household goods
which he had mortgaged to the loan company. While said
chattel mortgage was still in force, with a balance due on the
note secured by it, Newman's wife died, he had no children
living with or dependent upon him, and he himself being

sick, he stored said furniture and went to Detroit to re-
cuperate, with the intention, however, of returning and re-
suming housekeeping, as he states.    Newman was gone about
six months; when he returned to Cleveland his deceased wife's
sister accompanied him and he married her the day after they
arrived at Cleveland.    When he and his new wife went to
the storage warehouse to get his furniture, with which they
proposed to go to housekeeping, he found that it had been
replevied by the loan company in an action prosecuted before
a justice of the peace and disposed of by it in satisfaction of
the mortgage debt, the conditions of the mortgage having
been broken.

Thereupon this action was brought, the unlawful conversion
being based upon the loan company's violation of the pro-
visions of Section 4155-1 of the Revised Statutes, which reads
as follows:

"No chattel mortgage on the necessary household goods,
wearing apparel, mechanic's tools of any person or family,
except chattel mortgages given to secure the whole or some
part of the purchase price thereof, shall be foreclosed except
in a court of record.    No such household goods, wearing
apparel or mechanic's tools covered by a chattel mortgage
shall be seized or taken out of the possession of the mortgagor
before foreclosure, except by a sheriff, or constable, and then
only after the mortgagee or his agent has presented an affidavit
to a judge of some court of record or justice of the peace,
setting forth that the mortgage is due, or that the mortgagee is
in danger of losing his security, giving the facts upon which
he relies, and after obtaining an order from such judge or
justice of the peace directing such sheriff or constable to
seize such household goods, wearing apparel or mechanic's
tools and hold them subject to the order of the court," etc.

The loan company admits that it did not comply with this
law, but says that Newman was not entitled to the benefits of
the law, because at the time the loan company took his goods
Newman was a single man with no family and the household
goods taken, having been stored by him upon his departure
from the city, were no longer *necessary* household goods, as
specified in the statute.

It will be noticed at the outset of this inquiry that the statute under consideration is merely remedial in its nature; it in no wise affects the rights of the parties under the chattel mortgage, but only specifies the form in which and the procedure by which those rights are to be worked out.   Manifestly the statute was passed for the protection of those who are so unfortunate as to be compelled to pledge their necessary household goods in order that they may procure loans from those who have money to lend.   The statute, then, should be "liberally construed, in order to promote its object."   Section 4984, Revised Statutes of Ohio.

It contains no requirement that only married persons or those who are heads of families shall be benefited by it. The language is "person or family"; that includes persons of all descriptions, married or single, with or without families; the disjunctive "or" makes this perfectly clear.   No exemption is provided by this law and a reference to the exemption laws of the state throws no light upon the subject.   Indeed, we can see no reason why a single man should not need household furniture as much as a married man.   One can board as well as the other, but why emphasize by law the misfortunes of many single persons who are by their circumstances alone, and not by choice, relegated to "furnished rooms."   On the other hand, as suggested by Judge Wiles, in the case of *Brown* v. *Wait*, 19 Pick., 470, it is not *necessary* for even the head of a family to own household goods and keep house, and to say that such goods are necessary only when one keeps house would be a very strained construction of the statute.

But it is said that these goods lost their character as *necessary* household goods when Newman stored them and left the city.   The trial judge appreciated the force of this suggestion, but understood that any temporary abandonment of the goods to have such effect, must depend upon the intention of the owner; so he permitted all facts and circumstances shedding any light upon that intention, as well as the statement of the owner with reference thereto, to go to the jury under a charge which fully covered the law of the case, in which, among other things, he said:

"If you find from the evidence that the plaintiff stored these goods with the intention of resuming the use of them again for household purposes within a reasonable time in the future, then you should find that the same continued to be neccessary household goods, otherwise they would cease to be necessary household goods after he stored them, and hence would not be within the protection of this statute."

The jury, under this charge and the evidence, found for the plaintiff, and we are not disposed to disturb its verdict.

Something was said upon argument as to error in permitting the plaintiff himself to testify as to the value of the goods taken, although it is not urged that the verdict was excessive. It is said that these goods having been used, were second-hand goods and as such had a value in the market easily ascertainable. The defendant below was permitted to bring such market value before the jury, while the plaintiff stated that he did not know whether or not there was any market for the goods and could not give their market value. He was permitted to say that he knew what they cost and what he considered them worth. He may not have shown very clearly that his furniture had a peculiar value to him, but we all know that furniture that we have been accustomed to use and wearing apparel that fits us, has a greater value to us than the price they will bring as second-hand articles. "In such cases it is evident that to refer to the market as the sole standard of value, may work serious injury to the party complainant." *Jonas* v. *Noel*, 98 Tenn., 440.

The authorities on this subject are collected in a note to the case of *Watt* v. *Nevada Central R. R. Co.*, 62 Am. St. Rep., 772, 792.

The defendant was permitted to introduce several witnesses who qualified as to their knowledge of the value in the market of second-hand household goods, and they gave their estimates of such market value.

Sedgwick on Damages, Section 243, says:

"The market price is merely one of the commonest tests by which to ascertain this value. It is by no means the only one."

The plaintiff's evidence together with the defendant's evidence as to the measure of damages, was all submitted to the jury, under a charge which seems to us eminently fair and expressive of the law on the subject. Said Judge Lawrence, who tried the case:

"If you find for the plaintiff you will award to him such damages, not exceeding the sum of $1,042.50, as you may find from the evidence he has sustained. Such damages, if you find for the plaintiff, would be the reasonable value of the goods taken and disposed of by the defendant less the amount of the chattel mortgage held by the defendant, which is the sum of $123.90.

"If you find that the goods in question had a market value at the time they were sold, that value would govern; but if said goods have no market value then you should find what was the fair and reasonable value to the plaintiff of the goods sold, at the time they were sold, having in view the character of the goods and the purpose to which they were applied by the plaintiff. Testimony has been offered by both sides as to the value of these goods. You are not bound to adopt the opinion or estimate of any particular witness on this subject. You should consider what has been said by them, but in determining the value, if you come to that question, you should also consider the kind, quality and description of these goods, the uses for which they were adapted and were applied and all the facts and circumstances in regard to them as shown by the testimony. As I have said to you, you have no right to take into consideration any claim for damages of the kind alleged in that portion of the petition which I excluded from your consideration, to-wit, the plaintiff's claim that he was deprived of the use of this property and his alleged humiliation. I say to you, gentlemen, that issue is not in this case and should not be considered by the jury. If you come to the question of the value of these goods you should deduct the amount of the chattel mortgage, because the interest of the plaintiff in the goods was not absolute but was subject to such mortgage, and the value of his interest in the goods would be the fair and reasonable value thereof less that to which they were subject; that is, this chattel mortgage."

We find no error in the case and the judgment is affirmed.

*Foster, Foster & Howells,* for plaintiff in error.

*R. H. Lee,* for defendant in error.