## AVAN v. FREY.

PLEADING.—*Complaint upon Lease.*—*Demurrer.*—A complaint by the lessee upon a written lease for certain land, which avers the lease made between the parties, alleges that it is lost or destroyed, describes the land, states how the rent is to be paid, and alleges as a breach that the defendant refuses to give possession of the land to the plaintiff, is sufficient upon demurrer for want of facts.

SAME.—*Destroyed Lease.*—*Parol Evidence to Prove Contents.*—Where the evidence in such case shows that the lease was deposited with a third person to hold for the parties, and that the defendant obtained possession thereof from the depositary, destroyed it, and rented the land to another tenant, the admission of parol evidence to prove the contents of the lease is not erroneous.

SAME.—*Damages.*—*Evidence.*—Evidence tending to prove the amount and value of the crops which could have been raised on the land in each of the years covered by the lease, with a view of laying ground for damages, is proper to go to the court trying the case.

PRACTICE.—*Motion to Strike Out.*—*Supreme Court*—Error in overruling a motion to strike out parts of a pleading is not available in the Supreme Court.

EXCESSIVE DAMAGES.—For damages held not to be excessive, see opinion.

From the Knox Circuit Court.

*H. S. Cauthorn* and *J. M. Boyle,* for appellant.

*G. G. Reily, W. C. Johnson* and *W. C. Niblack,* for appellee.

BIDDLE, J.—Amended fourth paragraph of complaint —the other paragraphs not being in the record—by the appellee, against the appellant, upon a written lease for certain farm lands for two years from the 1st day of March, 1876.

Averment that the lease was lost or destroyed, and therefore could not be made an exhibit; breach that the defendant refused to give possession of the premises to the plaintiff under the lease, but kept him out of possession of the same. Demurrer for want of facts overruled to the complaint; answer; denial; trial by the court; finding for the plaintiff, one hundred and twenty-five dollars; motion for a new trial overruled; exceptions to each of the rulings; judgment on the finding; appeal.

First assignment of error: Overruling a demurrer to the first paragraph of the complaint. There is no such paragraph in the transcript, and consequently no such question in the record.

Second assignment of error: Overruling the demurrer to the fourth paragraph of the complaint. We can see no objection to this paragraph. It avers a written lease made between the parties, describes the land, states how the rent is to be paid, and alleges as breach that the defendant refused to give possession of the land to the plaintiff, all of which is well pleaded.

Third assignment of error: Overruling a motion to strike out parts of the fourth paragraph of the complaint.

There is no available error in such ruling; this we have decided so often that we have ceased to give the reasons for the decision, or to cite authority in its support.

Fourth and last assignment of error: Overruling the motion for a new trial. Under this assignment, the appellant complains of the introduction of parol evidence to prove the contents of the lease. The evidence shows that the written lease was deposited with a third person to hold for the parties; that the defendant obtained possession of the lease from the depositary, took it away, tore it in pieces, and rented the land to another tenant. Upon this basis, the admission of parol evidence to prove the contents of the lease was not erroneous.

The appellant also complains of the admission of evidence tending to prove the amount and value of the crops which could have been raised on the land in each of the two years, with a view of laying grounds for damages. We see no error in this. The evidence was proper to go to the court trying the case.

It is insisted that the finding is excessive. It does not appear so to us. We think the damages were fairly assessed. The defendant introduced no evidence.

The appellant makes a point, and discusses it in his brief, concerning the refusal of the court to tax certain costs to the plaintiff, for delay in amending his complaint. There is no such motion in the record, and no assignment of error presenting such question.

There is no error in the record.

The judgment is affirmed, at the costs of the appellant.