ALFRED H. KNOWLES vs. FRANKLIN STEELE, Jr.

Argued Dec. 5, 1894. Affirmed Dec. 21, 1894.

No. 9183.

Measure of damages on a breach of contract to lease.

Where a person contracts to lease at a certain rent land which he does not own, and hence is unable to perform the contract, the measure of damages is the loss of the bargain,—that is, the difference between the rent agreed on and the actual rental value of the premises.

New trial refused for failure to assess nominal damages.

A new trial will not be granted for a failure to assess merely nominal damages where no question of permanent right is involved.

Appeal by plaintiff, Alfred H. Knowles, from a judgment of the District Court of Hennepin County, *Charles M. Pond*, J., entered February 6, 1894, that he take nothing by his action.

The defendant, Franklin Steele, Jr. owned a lot in block 52, Minneapolis, original plat forty four feet front on Washington street by one hundred and fifty five feet deep. He and wife leased it July 11, 1881, to plaintiff for ten years for $1,320 rent per annum payable quarterly. Plaintiff agreed to pay the rent, build on the property a three story brick and stone building, pay the taxes and keep the buildings insured with loss if any payable to defendant as security for rent and taxes. It was mutually agreed therein that Steele and wife and their grantees should renew the lease for another term of ten years if requested by Knowles or his assigns three months or more before the expiration of the first ten years. But the rent for the second term should be six per cent upon the then market value of the lot. This value was to be appraised by three disinterested freeholders, each party to choose one and those two were to select the third. If they failed to agree on a third within a week after being notified of their appointment, either party might apply to the District Court on two days notice to the other for the appointment of such third appraiser, and the appraisal of a majority should be final. The lease also provided for other decennial renewals. On July 28, 1881, Steele and wife conveyed the lot to Wm. D. Lynes, who at the same time reconveyed to Steele's wife. In December, 1890,

Knowles having no actual notice of the deeds requested Franklin Steele Jr. to renew the lease. On January 17, 1891, Steele wrote to Knowles from Washington, D. C. where he then resided proposing $31,900 the then assessed value of the lot as the basis for rent on the renewal. Knowles accepted the proposal. In May, 1891, he received a letter from Steele's wife stating that she owned the lot and that she refused to be bound by her husband's proposal, and offering to agree on $40,000 as the value. This Knowles refused and stood on the agreement with her husband. She brought ejectment, the court found the request for renewal sufficient to bind the wife, but that her husband's contract as to value of the lot did not conclude her and the result was that the lot was appraised at $35,000. Plaintiff was compelled to pay $186 more per year than he would have paid had the husband's contract been fulfilled. He brought this action to recover damages for this breach of contract. He proved these facts, but produced no evidence of the actual rental value of the premises. A jury was waived. The court made findings and ordered judgment for defendant. It was entered and plaintiff appeals.

*Geo. R. Robinson,* for appellant.

The defendant's letter from Washington, D. C. and plaintiff's acceptance made a contract, and the lease was, so far as defendant was concerned, renewed with all its covenants binding on him. Where a lease is made, there is either an express or implied engagement that the lessor has title and that the lessee shall not be disturbed. 3 Sutherland Dam. 146; *Mayor* v. *Mabie,* 13 N. Y. 151.

When plaintiff discovered that defendant was not the owner, he had a right to purchase the right of possession under the contract of the true owner. His measure of damages is the loss the plaintiff has proximately sustained by reason of the breach of the defendant's contract. *Rolph* v. *Crouch,* L. R. 3 Ex. 44; *Paine* v. *Sherwood,* 21 Minn. 225.

The proximate damages in this case were what it cost plaintiff over and above the contract price to get his right. *Green* v. *Williams,* 45 Ill. 206; *Woodbury* v. *Jones,* 44 N. H. 206; *Adair* v. *Bogle,* 20 Ia. 238; *Paine* v. *Sherwood,* 21 Minn. 225; *Kimball* v. *Bryant,* 25 Minn. 496.

*Kitchel, Cohen & Shaw*, for respondent.

Plaintiff failed to prove the rental value of the lot. The measure of damages where one falsely assumes to act as an agent for a third person in selling and agreeing to convey land, is the loss of the bargain, namely, the difference between the price which the purchaser agreed to pay and the market value of the property at the time the agreement was made. *Skaaraas* v. *Finnegan*, 31 Minn. 48.

There is no proof of market value in this case. On the assumption that Steele undertook to act where he had no right, and that he is liable for damages, he can be liable only for the difference between his proposition and the market value.

MITCHELL, J. In 1881, the defendant, being the owner of the premises described in the complaint, executed a lease (in which his wife joined) to plaintiff for the term of ten years at an agreed annual rent. This lease contained a covenant that if the lessee should desire to continue the lease for another ten years he should have the privilege of doing so in the manner following. Not less than three months before the expiration of the original term the lessee should give to the lessors notice in writing of his election to continue the lease for an additional term, and in such notice name and appoint an appraiser on his part. Thereupon the lessors should appoint an appraiser on their part, and notify the lessee of such appointment. The two appraisers thus appointed were to appoint a third, and the three so chosen were to appraise the leased premises at their then fair market value, "and thereupon, without any further act, this lease shall thereupon be extended for the further term of ten years, upon the same terms and conditions as before, except that the annual rent for such second term shall be such sum as is equal to six per centum of such appraised valuation."

In 1891 plaintiff seasonably gave defendant written notice of his election to continue to lease for a second term, and in such notice nominated an appraiser on his part to appraise the property for the purpose of fixing the amount of the rent for the additional term. On receipt of this notice defendant sent plaintiff a written communication, by which, in order to avoid the necessity of appointing appraisers, he proposed to fix the rent for the extended term at 6 per cent. on the then present assessed valuation of the property, $31,900. Imme-

diately on receipt of this proposition the plaintiff wrote to defendant, notifying him of his acceptance of it.

The fact was, although unknown to plaintiff, that soon after the execution of the lease in 1881 the defendant had conveyed the premises, through the medium of a third party, to his wife, from whom he had no authority to make or accept the proposition referred to, and shortly afterwards she wrote plaintiff, notifying him that she declined to be bound by the act of her husband, and suggested that, if they could not agree on the amount of the rent, they should resort to an appraisal of the property in accordance with the terms of the lease. Plaintiff having refused to accede to the proposition, Mrs. Steele brought an action against him to recover possession of the property, in which the court decided that the notice served on her husband was sufficient to bind Mrs. Steele, but that she was not bound by the proposition made by him fixing the rent; and in accordance with the stipulation of the parties to the action the court gave Mrs. Steele further time in which to appoint an appraiser on her part, which she did. The two thus appointed by her and the present plaintiff, respectively, selected a third, and the three appraised the market value of the premises at $35,000, on which basis the rent for the second term was fixed at $2,100 per annum, at which rate the plaintiff has since paid, whereas the rent, according to the proposition of the defendant and accepted by plaintiff, would have been only $1,914 per annum.

This action was brought to recover damages for defendant's breach of his contract fixing the rent on the basis of the assessed value of the property. *No evidence was introduced as to the actual rental value of the premises*, and, the ejectment suit between plaintiff and Mrs. Steele being *res inter alios acta*, nothing done or determined in that action is evidence against the defendant on that question.

The plaintiff contends that this is in the nature of an action for the breach of the covenant in the lease for the quiet enjoyment of the leased premises; that plaintiff had a right to purchase his right of possession from the true owner, and that his damages are what it cost him to secure this right, over and above the rent agreed on between him and defendant. The rule as to the measure of damages attempted to be invoked has no application to the case. Plaintiff's quiet enjoyment under the lease has not been

disturbed.   He has secured a second term on the exact terms upon which he was entitled to it under the terms of the lease.

What he complains of is that, if defendant had been able to perform and had performed a certain other contract, he would have obtained the extension on better terms than he was entitled to under the original lease.   He was not compelled to take a second term at all, still less to take it at a rent greater than the actual rental value of the premises.   Therefore the measure of his damages, if he is entitled to any, is the loss of his bargain, viz. the difference between the rent agreed in the accepted proposition of the defendant and the actual market rental value of the premises at the time this agreement was made.   Therefore, assuming that the proposition of the defendant and the acceptance of it by plaintiff constituted a binding contract, still the plaintiff was at most only entitled, under the evidence, to nominal damages; and a new trial will not be granted for a failure to assess nominal damages where no question of permanent right is involved.   *Harris* v. *Kerr*, 37 Minn. 537, (35 N. W. 379;)   Hill. New Trials, p. 572.   This renders it unnecessary to consider any of the other questions discussed by counsel.

Judgment affirmed.

(Opinion published 61 N. W. 557.)