JONAS v. NOEL.

(*Nashville.*    March 23,    1897.)

1. MEASURE OF DAMAGES.   *For lessor's failure to give possession.*

The measure of damages for the refusal of a lessor to let the lessee into possession of the premises is the difference between the rental stipulated and the value of the leasehold interest, and such measure should not be qualified by the use of the term "market" to characterize the value of the leasehold interest, where the premises are of such a peculiar character that the leasehold cannot be said to have a market value.   (*Post, pp. 440–445.*)

Case cited: 145 U. S., 522.

2. SUPREME COURT.   *Will not reverse for error, when.*

If a decree correct in amount has been rendered upon full consideration of all competent evidence, it will not be reversed for abstract error in the order of reference declaring the rule as to the measure of damages.   (*Post, p. 445.*)

---

FROM   DAVIDSON.

---

Appeal from Chancery Court· of Davidson County. THOS. H. MALONE, Ch.

JOHN RUHM & SON for Jonas.

VERTREES & VERTREES for Noel.

BEARD, J.    In November, 1892, complainant and defendant entered into a written contract, by which

the latter agreed to erect, in Nashville, upon a lot owned by him, a business house of unusual size, for the occupancy of the former, and let him into possession, for a fixed term, at an annual rental of $8,500. Subsequently, without legal excuse, Noel breached this contract, and thereupon the bill in this cause was filed, among other things, to recover damages for the breach. At the hearing, the Chancellor adjudged that the defendant had violated the contract, and that complainant was entitled to recover from him, as damages, the difference between the rent contracted to be paid for this leasehold interest and its market value. The cause was referred to the Clerk and Master to take proof, and report the amount of this difference, if any. The Court of Chancery Appeals affirmed this action of the Chancellor, and the complainant has assigned error upon this action of that Court.

The insistence of complainant is that the Chancellor, in his order of reference, by the use of the term "market"—"market value"—placed an unwarranted limitation upon his right of recovery; that the real measure of damages in such a case, and the one which should have been embodied in the order of reference, is the difference between the contract price and the actual or rental value of the term.

Where the lessor wrongfully refuses to give possession to the lessee of the leased premises, the authorities agree that the measure of damages is the same as in a case where the vendor, without excuse,

declines to convey to his vendee. In favor of the lessee thus improperly dealt with, Mr. Sedgwick says: "The Courts are more nearly agreed in adopting the principle of complete compensation for the loss of the bargain. The ordinary rule is, to allow the difference between the rental value of the premises for the term and the rent reserved." 3 Sedgwick on M. of Dam., Sec. 1022. There is no case reported in this State involving a controversy between a lessee and a lessor, for a breach of the latter's undertaking to let the former into possession, but we have a number in each of which the disappointed vendee had brought his action against his vendor for violating his contract to convey, and in all these cases this Court has said that the measure of damages is the difference between the contract price and the value of the property in question.

It is true, no doubt, as Mr. Sedgwick says in Sec. 243 of his work, already referred to, that "wherever the measure of damages involves the question of value, however much the market may be resorted to to determine what the value is, this resort is had, not as a conclusive test, but to aid in getting at that real value to which the plaintiff is entitled." But the purpose of the law is to give the party complaining as near complete compensation for the loss of his bargain as possible—that is, to place him in as good a position as he would have been in if he had obtained what he bargained for, so that if the thing contracted for had been dealt

in in the market, a reference to the market price will ordinarily show what it will cost to indemnify the plaintiff against loss.

So difficult a matter, however, is it to separate the ideas of "value" and "market value" that it will be found text writers and the Courts have frequently used these terms as interchangeable, and both as being the equivalents of "actual value," "salable value," and in proper cases "rental value." Mr. Sutherland, in his work on Damages, Vol. III., Sec. 864, says: "The difference between the 'rent to be paid and the actual value of the premises at the time' of the lessor's breach, 'is the natural and approximate damage' sustained by the lessee, and 'this is ordinarily measured by the amount the lessee would be compelled to pay for other premises, equally well adapted to his business.'"

Mr. Sedgwick, when he comes to deal specifically with the loss resulting from a breach of a covenant to convey, says "the general rule in this class of cases is the difference between the contract price and the *market* value of the land when the contract should have been performed" (Vol. III., Sec. 1018), while, in speaking of the action of the disappointed lessee, who wrongfully fails of his contract, he says the standard of value is the "rental value" of the leasehold, although he has just said, the same principle—so far as the measure of damages is concerned—underlies these two actions. Vol. III., Sec. 1022. It will also be found that this author em-

bodies in his text a number of cases from the Courts of last resort in this country and two from the Queen's Bench in England, in which these various terms are used as if they meant one and the same thing. See, also, *Telfner* v. *Russ*, 145 U. S., 522.

While it is thus seen the terms "value," "market value," and "rental value" have been used somewhat indiscriminately, yet we think there is a distinction between them, at least in cases where the matters or things contracted for have not been bought and sold in the market so as to have established a "market value." With regard to those subjects of contract which are freely dealt in, and which command ready buyers in the marts of trade, there is usually no harm done in referring to the market to fix the standard of value; but even in such cases this is not the final or "conclusive test of value." 1 Sedg., Sec. 245. But where the article or thing in question is so unusual in its character as that there is little or no demand for it, its value must be ascertained in some other way, and from such elements as are attainable (1 Sedg., Sec. 495); in such cases it is evident that to refer to the market as the sole standard of value may work serious injury to the party complainant. In the case at bar it is shown that the house which the defendant, Noel, intended to build for the use of complainants was one of unprecedented proportions for the city of Nashville, which no one save com-

plainant was likely to make serviceable in his trade. In view of these conditions, it is apparent the Chancellor did place an unwarranted limitation on his order of reference, when he directed the Clerk and Master to ascertain the difference between the contract price and the *market* value of this leasehold. Instead of this, he should have adjudged the measure of damages to be the difference between the price named in the lease and the *value*, or the *rental value*, of the term. But, conceding this error in the decree of reference, yet complainant is not entitled to a reversal, because we find from the facts set out in the opinion of the Court of Chancery Appeals that no injury resulted to him from this limitation, as in his testimony he presented every constituent or element of value, and had the full benefit of it, both in the Chancery Court and the Court of Chancery Appeals. Other assignments of error have been disposed of finally.

The result is there is no reversible error and the decree is affirmed. Defendant will pay all costs.