# CHRIST PAPPAS v. L. W. STARK.[1]

September 26, 1913.

Nos. 18,201—(248).

**Termination of contract — notice to vacate — loss of profits.**

A contract by which defendant granted to plaintiff the right to operate a boot blacking stand and checking privilege in a hotel for the term of one year, plaintiff to pay for such privileges $50 a month in advance, contained a provision that defendant might terminate the contract upon 30 days' notice given to plaintiff. Defendant on November 21 gave such a notice, but on December 1 accepted payment in full for the month of December. It is *held:*

(1) By accepting payment for the month of December, the notice given in November became inoperative.

(2) It did not conclusively appear from the evidence that any other notice, written or oral, was given prior to January, and defendant by terminating the contract and evicting plaintiff without giving such notice, was guilty of a breach of such contract which entitled plaintiff to recover his actual damages.

(3) There was evidence to support a finding that plaintiff had an established business, and was entitled to recover for loss of profits as an element of damages.

Action in the district court for Hennepin county to recover $2,500 for breach of contract and loss of profits. The answer denied all the allegations of the complaint except that which alleged that defendant was the proprietor of the shop in question. The case was tried before Dickinson, J., who at the close of plaintiff's case denied defendant's motion to strike Exhibit A from the records, and granted defendant's motion to direct a verdict in his favor. From an order denying plaintiff's motion for a new trial, he appealed. Reversed and new trial granted.

[1] Reported in 142 N. W. 1046.

Note.—On the question of loss of profits as element of damages for eviction, see note in 53 L.R.A. 102.

123 M.—6.

*McDonald, Bernhagen & Patterson,* for appellant.
*Healy, White & La Du,* for respondent.

BUNN, J.

This action was to recover damages for the alleged breach by defendant of the contract hereinafter mentioned. At the close of plaintiff's case, a verdict was directed for defendant. Plaintiff appeals from an order refusing a new trial.

Defendant, the owner of a barber shop and Turkish bath establishment in the Andrews hotel, Minneapolis, and plaintiff, a Greek, on November 13, 1911, entered into a written contract, by the terms of which defendant granted to plaintiff the privilege to maintain the boot and shoe shining stand in the basement of the hotel, and the checking stand of the cafe. Plaintiff was to have all the revenue from these privileges for one year from September 1, 1911, and agreed to pay therefor the sum of $600 in monthly instalments of $50 each, payable in advance. The contract contained the condition that, for failure of plaintiff to keep any of its provisions, defendant should have the right to terminate the agreement upon 30 days' notice to be given personally or by mail to plaintiff.

After the execution of this contract, plaintiff paid defendant the sum of $27 for the balance of the month of November. November 18, defendant served upon plaintiff a notice that the contract would be cancelled after 30 days from the date of the notice. About December 1, plaintiff paid to defendant $50 for the month of December; defendant accepted this payment and gave a receipt which acknowledged payment of the "rent" for the privileges from December 1 to January 1. On December 21, defendant sent plaintiff a letter notifying him that "pursuant to my notice and agreement with you on December 1st, 1911, your thirty day occupancy and privilege to wash room and check room in Andrews Hotel expires December 31st, 1911." Plaintiff was ejected from the premises by defendant January 2, 1912, though he had tendered the "rent" for that month.

Plaintiff calls the contract a lease, while defendant insists that it is merely a contract of employment. We fail to see what differ-

ence this makes. Clearly there was a valid contract under which plaintiff had rights. Among these was the right to a 30-day notice before the contract could be terminated. If defendant deprived plaintiff of the privileges granted without giving the notice required, he was guilty of a breach of the contract, and rendered himself liable for any damages resulting to plaintiff from the breach. It is not contended that defendant was not justified in canceling the contract, provided he gave the notice required. The claim is that he did not give this notice.

The notice given November 18 would have been sufficient to terminate the contract 30 days from that date, had not defendant, after giving it, accepted payment for the full month of December, and permitted plaintiff to enjoy the privileges during that month. That this acceptance of payment, whether we call it rent or by any other name, wholly destroyed the effect of the notice of November 18, there can be no doubt. Kenney v. Si Lun, 101 Minn. 253, 112 N. W. 220, 11 L.R.A.(N.S) 831, 11 Ann. Cas. 60.

It is admitted that no other written notice was given. The question then is whether there was an oral notice given to plaintiff on or about December 1. If it conclusively appears from the evidence that such a notice was given, or that plaintiff agreed to a termination of his privileges under the contract, the court rightly directed a verdict for defendant. But unless it so conclusively appears, the direction was wrong.

As plaintiff was the only witness, the question is narrowed to an inquiry as to whether he admitted the receipt of such notice, or the making of such an agreement. Defendant's letter of December 21 refers to a notice and agreement of December 1, and we may surmise that this would have been the defense had defendant produced his witnesses; but there is no evidence on the subject save that given by plaintiff himself. An examination of his testimony shows that he denied flatly the receipt of such a notice, or the making of such an agreement. He admits a conversation with defendant about December 1, at the time he paid the December "rent," and granting that a jury might be justified in finding that in this conversation it was agreed that plaintiff should vacate the last of December,

there is certainly abundant justification for the contrary conclusion. We find nothing in the record that warrants us in holding, as a matter of law, that defendant ever gave plaintiff the notice required by the contract. It therefore follows that the jury would have been justified in finding that the eviction of plaintiff on January 2 was a breach of the contract, and that plaintiff was entitled to recover his actual damages caused by such breach.

There was evidence that would justify a recovery of more than nominal damages. It occurs to us that the recovery for loss of profits would necessarily be limited to the month of January, 1912. Defendant had the right to cancel the contract by giving 30 days' notice. What occurred on January 2 would seem to be sufficient notice of defendant's intention to terminate the relation.

The evidence was sufficient, in our opinion, to support a finding that plaintiff had an established business within the decisions of this court governing the recovery of future profits, as an element of damages, and it was clearly sufficient to form a basis of estimating the amount of such profits.

Our conclusion is that on the evidence as it stood when plaintiff rested it was error to take the case from the jury.

Order reversed and new trial granted.