## RICHARD GLAUBITZ v. CHARLES H. MEYER.[1]

### May 27, 1921.

### No. 22,214.

**Breach of cropper's contract — complaint — general and special damages.**
The parties made a contract under which plaintiff was to take possession of defendant's farm, paying a cash rent for the pasture and meadow land and delivering one-half of the crops harvested to defendant, the latter to furnish the seed and pay one-half of the threshing bill. Defendant refused to let plaintiff into possession and in this action for damages it is *held*:

(1) As against objection first made on the trial the complaint is sufficient to allow proof of special and general damages.

(2) The evidence did not justify the submission of special damages, there being no proof that defendant knew that plaintiff had the stock on account of which the damages were claimed, either when the contract was made or when breached.

(3) The measure of general damages was the difference between the actual rental value at the time of the breach and the rent or compensation reserved in the contract, and the charge was misleading in suggesting that in addition profits might be added.

Action in the district court for Blue Earth county to recover $1,775 for breach of contract. The facts are stated in the opinion. The case was tried before Comstock, J., who when plaintiff rested denied defendant's motion for dismissal and at the close of the testimony his motion for a directed verdict, and plaintiff's motion for a directed verdict. The jury returned a general verdict for $800 in favor of plaintiff and a special

[1]Reported in 182 N. W. 1002.
149 M.—11.

verdict as stated in the fourth paragraph of the opinion. From an order denying his motion for judgment notwithstanding the verdicts or for a new trial, defendant appealed. Reversed and new trial ordered.

*H. L. & J. W. Schmitt & H. W. Volk,* for appellant.

*C. J. Laurisch, Ivan Bowen* and *Le Roy Bowen,* for respondent.

HOLT, J.

Plaintiff recovered a verdict for breach of contract and defendant appeals from the order denying his motion in the alternative for judgment or a new trial.

On June 28, 1918, the parties hereto entered into a written contract whereby plaintiff undertook to "well and faithfully till and farm, during the season of farming, in the year 1919, commencing Sept. 15th, 1918, and ending Sept. 15th, 1921, in a good and husband-like manner," a 240-acre farm owned by defendant in Blue Earth county, with a provision that if defendant sold the farm the contract should end. Defendant was to furnish the seed and pay one-half the threshing bill. The crops were to be shared equally. For the pasture and hay land plaintiff was to pay $400 each year. No further reference need be made to the many stipulations in the contract, for they have no bearing on the questions presented by the appeal. When the time arrived for plaintiff to take possession, defendant refused to let him enter. This action resulted, wherein a verdict of $800 was given plaintiff.

The complaint alleged the making of the contract; plaintiff's readiness to perform; defendant's breach; that plaintiff, in reliance on the contract, had purchased a large amount of live stock and farm implements to carry on the farm; that, because defendant refused to let plaintiff enter and occupy the farm, the latter was compelled to sell at great sacrifice certain of the stock mentioned, to his damage in the sum of $775. Also that, by reason of defendant's refusal to let plaintiff in, plaintiff was compelled to lease an inferior farm and forego the opportunity to employ himself, his teams and machinery profitably upon defendant's farm, to plaintiff's damage in the sum of $1,000. The answer, in substance, admitted the execution of the contract, but averred that it was agreed that defendant might continue to reside in part of the farm dwelling until March 1, 1919, also that plaintiff should begin plowing

the stubble fields immediately after the harvesting of the small grain, and should prepare the ground and seed, not later than the fore part of September, 1918, 25 to 30 acres of winter rye, but that through mutual mistake and inadvertence these terms were omitted from the contract. It is alleged that the terms mentioned were violated by plaintiff, and because thereof defendant terminated the contract on September 21, 1918. Defendant asked for reformation of the contract by the insertion of the alleged omitted terms and for a dismissal. The reply was a general denial.

In addition to the general verdict, there was a special verdict wherein the jury found that no agreement was made as to the plowing nor as to the seeding of rye, but that it was agreed orally that defendant might have possession of the dwelling house until March 1, 1919, plaintiff, however, to have three rooms therein and room in the barn and on the premises for such stock and farm property as he desired to bring there.

The evidence sustains the finding necessarily embodied in the verdict, that defendant and not plaintiff breached the contract. That being so, we are only concerned with the damages to which plaintiff was entitled under the pleading and the evidence, if properly admitted and correctly submitted to the jury.

As against objection first made on the trial, we think, the complaint should be held to state a cause of action for special damages; and, in the sixth paragraph, also one for general damages where it is alleged that "by reason of defendant's failure and refusal to permit plaintiff to seed, cultivate and farm said farm for and during the times set forth in said lease, plaintiff has been damaged in the sum of one thousand dollars."

But, even though the complaint be held to sufficiently plead special damages, the evidence did not warrant the submission of the recovery of such damages to the jury. Plaintiff testified that because on the farm to which he went, when prevented to take possession of defendant's, the barn and hog-house were too small to house all his cows and hogs, he was compelled to sell at a loss certain animals before they were ready for market and when the price was unfavorable. However, the record is barren of any proof that defendant was informed of or knew what stock plaintiff had or intended to keep on the farm at the time the contract was made, or even at the time it was breached. In the absence of such

proof special damages may not be recovered.  8 R. C. L. 459-461, §§ 27, 28.  Dreyer Commission Co. v. Fruen Cereal Co. 148 Minn. 443, 182 N. W. 520.

This defect in the proof necessarily results in a new trial, for it is impossible to determine how much was allowed on that score.  But there were errors also in the admission of proof in respect to general damages and the instructions given the jury for assessing the same.

Where the rent is money the general damages for a lessor's refusal to let the lesssee into possession would be the amount, if any, that the fair rental value of the term exceeds the stipulated rent.  In other words, the recovery is limited to the loss of the bargain as the same was when the breach occurred.  In the instant case the proposition is complicated somewhat by the fact that for part of the land there was a cash rental and for part a share of crop was to be given.  But we think that does not change the rule, which simplified to apply to this case would be this: What price or premium would plaintiff's contract have brought at the time defendant breached it, assuming the purchaser then could have had possession freely?  We think there is no room for a distinction between this contract and the ordinary lease because of the crop sharing provision.  The increased rental value at the time of the breach over that stipulated when the contract was made, measures the general damages. Knowles v. Steele, 59 Minn. 452, 61 N. W. 557; Alexander v. Bishop, 59 Iowa, 572, 13 N. W. 714; Smith v. Hughey, 66 Ore. 408, 134 Pac. 781, and note thereto in Ann. Cas. 1915B, 804; Jonas v. Noel, 98 Tenn. 440, 39 S. W. 724, 36 L.R.A. 862.

To attempt to measure the general damages by the probable profits to be had from a performance of this contract, involves too many uncertain factors, such as fluctuations in the price for both labor and crop, the weather conditions and other matters affecting the yield.  Since a large part of the rent here was payable in cash, there would seem to be no impropriety in considering what would have been the whole rent in cash per year at the time the contract was made, on the assumption that such rental would presumptively be the equivalent in value to the value of the crop share and money to be received by defendant.  The difference, then, if any, between the amount so found and the cash rental value at the time of the breach, would represent the general damages,

or the monetary value of the contract when breached. The learned trial court did not so submit the case, but charged: "If there were any appreciable increase in the rental value of that farm during the time, during that year (September 15, 1918, to September 15, 1919), and if such lease were wrongfully terminated by defendant, then the plaintiff would be entitled to the benefit, that increased rental value of the farm during that period."

We think the increase must be limited to the time the breach occurred, and is not to be estimated at what thereafter it might advance to. And in the next paragraph the court used language which might mislead the jury to add also profits derived from operating the farm, for they were to determine the cost to plaintiff of performing the contract for that year and the reasonable worth and value of the use of the farm, and, if the latter was greater, plaintiff was entitled to the benefit of the difference. This not only gave the plaintiff the increase in rental value, but also suggests profits that, perchance, could have been made. He certainly was not entitled to both, and, for the reason already stated, no damages for conjectural profits should be permitted.

Since a new trial must be had it will not be necessary to consider the other errors assigned, mostly relating to rulings on the admissibility of testimony, for they are not of a sort likely again to cause complaint.

It may be stated that, since the contract provides for a termination, if defendant sold the farm, he should have been permitted to prove that it was sold before the first rental year expired, and if an amendment to the answer was needed to let in the proof the amendment should have been granted.

The order is reversed and a new trial granted.