MALAKI AROUT, Respondent, *v.* MARY AZAR and Another, Appellants.

Second Department, January 14, 1927.

Trespass — treble damages — plaintiff not entitled to treble damages under Real Property Law, § 535, since she was neither disseized, ejected nor put out of possession nor were there any acts committed tending to constitute breach of peace — plaintiff not entitled to treble damages for injuries to personal property.

In an action to recover damages for trespass, the plaintiff is not entitled to treble damages under section 535 of the Real Property Law, since it appears that she was neither disseized, ejected nor put out of possession, although the defendants did commit a trespass, and since there was no evidence to show that the acts of the defendants tended to a breach of the peace.

Furthermore, the plaintiff cannot have treble damages for injuries to personal property.

APPEAL by the defendants, Mary Azar and another, from a judgment of the Supreme Court in favor of the plaintiff, entered in the office of the clerk of the county of Kings on the 24th day of May, 1926, upon the verdict of a jury.

*Frank A. Crowe*, for the appellants.

*Louis J. Weber*, for the respondent.

PER CURIAM. Plaintiff was not entitled to treble damages under section 535 of the Real Property Law (as added by Laws of 1920, chap. 930), as directed by the court after the verdict of $500. That section applies where a person is disseized, ejected or put out of real property in a forcible manner. Plaintiff was neither disseized, ejected nor put out of her possession. The

defendants were guilty of a trespass. Furthermore, the section, which re-enacted section 1669 of the Code of Civil Procedure, only applies where the force is unusual, tends to bring about a breach of the peace, and the entry is with a strong hand, or a multitude of people, or in a riotous manner, or with personal violence, or with threat and menace to life and limb, or under circumstances which would · naturally inspire fear and lead one to apprehend danger of personal injury if he stood up in defense of his possession. (*Hallock* v. *N. Y. C. & H. R. R. R. Co.*, 202 N. Y. 201.) None of such conditions was present here. Besides, plaintiff was not entitled under the section named to treble damages for injuries to her personal property.

The judgment should be modified by reducing the amount thereof to the sum of $500, with appropriate costs in the Trial Term, and as so modified affirmed, without costs.

Present — KELLY, P. J., MANNING, YOUNG, KAPPER and LAZANSKY, JJ.

Judgment modified by reducing the amount thereof to the sum of $500, with appropriate costs in the Trial Term, and as so modified unanimously affirmed, without costs.