LES JONES ROOFING, INC.,
Appellant,

v.

CITY OF MINNEAPOLIS, Respondent.

No. C2–85–164.

Court of Appeals of Minnesota.

Sept. 3, 1985.

Ronald L. Snelling, Olsen, Snelling & Christensen, Edina, for appellant.

Robert Alfton, Minneapolis City Atty., John R. Manning, Asst. City Atty., Minneapolis, for respondent.

Heard, considered and decided by PARKER, P.J., and HUSPENI and FORSBERG, JJ.

## OPINION

PARKER, Judge.

This appeal is from a judgment notwithstanding the verdict and concerns the damages awarded in the breach of a lease between appellant, Les Jones Roofing, Inc., and respondent, City of Minneapolis. After a jury trial, the trial court directed a verdict that the city had breached its lease with Les Jones Roofing. The trial court further directed a damage award of $3,012.50 for the cost of installed blacktop, which damage was reasonably foreseeable at the time of entering the lease agree-

ment. The trial court then submitted to the jury special interrogatories concerning additional damages claimed by Les Jones Roofing. The jury returned a special verdict awarding Les Jones Roofing $500 in damages for the construction of a fence around the leased property and $5,492.20 for relocation expenses.

The city moved for a judgment notwithstanding the verdict (JNOV) to vacate the damages for relocation expenses or, in the alternative, a new trial or remittitur. The trial court granted the city's motion for a judgment notwithstanding the verdict, stating the evidence was insufficient to establish that, at the time of entering into the lease, the plaintiff's moving expenses were reasonably foreseeable in the event of breach of the lease by the city. We affirm.

## FACTS

Les Jones leased his business premises at 3304 West 44th Street, Minneapolis, from a party unrelated to this lawsuit. In March 1981, when Jones moved into the building, he erroneously assumed his lessor owned the adjacent property and that it would be available to him for parking and storage. Shortly thereafter, Les Jones discovered that the city actually owned the adjacent property.

In June 1981 Jones met with Charlee Hoyt, a Minneapolis City Council member, to discuss leasing the property for use in his business. He also wrote Hoyt a letter in which he stated the company's intention to use the property for storage of materials and equipment. Jones also indicated such use would aid the company in its desire to grow. In October 1981 Jones and the city signed a lease for use of the property by Les Jones Roofing as a parking lot and for storage of materials.

Thereafter, Les Jones Roofing blacktopped the property and constructed a fence around it. Several months later the city notified Les Jones Roofing that its use of the property was in violation of a zoning ordinance and ordered him to cease and desist. Allegedly because of its inability to continue using the property as stated in the

lease agreement, Les Jones Roofing relocated. Les Jones Roofing brought a breach of contract action against the city seeking damages, including relocation expenses, due to the breach. After a jury trial, the trial court directed a verdict that the city had breached the terms of its lease with Les Jones Roofing. The trial court further directed an award of $3,012.50, for the cost of blacktop installed, as a reasonably foreseeable expenditure at the time the parties entered into the lease.

Using a special verdict form, the jury returned a verdict awarding Les Jones $500 in damages for the construction of a fence around the leased property and the sum of $5,492.20 for reasonable and necessary moving expenses.

The city moved for a JNOV to vacate the award of moving expenses or, in the alternative, a new trial or remittitur. The trial court granted the JNOV on the grounds that the facts in evidence were insufficient to establish that the city could reasonably have foreseen Les Jones Roofing's need to relocate if it breached the lease contract. Les Jones appeals from the JNOV.

## ISSUE

Did the trial court err in ruling that the evidence failed to establish that appellant's relocation expenses were reasonably foreseeable to the city at the time of entering into the lease?

## DISCUSSION

■ A trial court must view the facts in the light most favorable to the verdict when considering a motion for a JNOV and should grant the motion only if the facts would lead reasonable minds to reach only one conclusion. *Lamb v. Jordan*, 333 N.W.2d 852 (Minn.1983). On review of a JNOV, this court must apply the same standard as that applied by the trial court. *Midland National Bank of Minneapolis v. Perranoski*, 299 N.W.2d 404, 409 (Minn. 1980). We conclude the evidence in the record supports the trial court's JNOV.

■ When measuring damages resulting from a breach of contract, the plaintiff is "entitled to such damages as, at the time of the making of the contract, the parties could reasonably have contemplated would result from a breach." *Poppen v. Wadleigh*, 235 Minn. 400, 405, 51 N.W.2d 75, 78 (1952).

■ Les Jones Roofing had leased office space and conducted business at 3304 West 44th Street for seven months prior to entering into a lease agreement with the city for the adjacent property. There is no evidence that use of the property had any bearing on Jones' original decision to lease office space at that location. Moreover, when he learned that the city owned the land, Jones did not indicate any desire to move his business if a lease agreement could not be reached with the city.

Jones testified at trial that he spoke with Hoyt about potential use of the property if a lease agreement were reached. Evidence of the actual growth of the roofing business was also introduced. However, this evidence does not establish that the agreement reached between Les Jones Roofing and the city regarding the leased property included an understanding that a breach of the lease would lead to relocation.

We agree with the trial court that the evidence failed to establish that Les Jones Roofing's relocation expenses were reasonably foreseeable by the city when the parties entered into the lease.

## DECISION

The trial court did not err in granting respondent a JNOV regarding appellant's relocation expenses because appellant's need to relocate was not reasonably foreseeable by respondent at the time the parties entered into a lease agreement.

Affirmed.